SIMMS et al. v. MIEARS. (No. 5714.)

(Court of Civil Appeals of Texas. Austin. Jan. 31, 1917.)

JUDGMENT ⚖️➔17(2) — SUFFICIENCY OF PROCESS—NATURE OF PLAINTIFF'S DEMAND.

Under Rev. St. 1911, art. 1852, requiring that the citation shall state the nature of plaintiff's demand, citation stating that the nature of plaintiff's demand was "suit to foreclose a vendor's lien retained in one certain promissory note," etc., was insufficient to support judgment by default on the note itself, since it did not indicate that suit was brought to recover on the note, but only that it was brought to foreclose the lien.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 25.]

Error from District Court, Caldwell County; Frank S. Roberts, Judge.

Suit by A. J. Miears against E. F. Simms and others. To review a judgment for plaintiff, defendants bring error. Judgment reversed, and cause remanded.

J. B. Hatchitt, of Lockhart, for plaintiffs in error. Nye H. Clark, of Lockhart, for defendant in error.

JENKINS, J. This suit was instituted in the district court of Caldwell county by A. J. Miears. The citation in the case served upon plaintiffs in error was as follows:

"The nature of plaintiff's demand is as follows: Suit to foreclose a vendor's lien retained in one certain promissory note, dated November 19, 1913, and due November 19, 1914, executed by E. D. Simms, payable to the order of W. F. Jeffrey, and transferred by said Jeffrey to plaintiff, A. J. Miears. Said note contains

the usual attorney's fee clause, bears interest at the rate of 10 per cent. per annum, and was given for the sum of $381.15, and in part payment of the purchase price of an undivided one-seventh interest in and to the following described three tracts of land: [Describing same.] Plaintiff asks judgment foreclosing said lien, for costs of suit, and for general relief, all of which more fully appears in plaintiff's original petition now on file in this office."

No answer being filed, the plaintiff took judgment by default for the amount of the note, principal, interest, and attorney's fees, and for the foreclosure of the vendor's lien on the land described in the petition and for costs of suit.

Plaintiffs in error assign error in that the citation did not indicate that suit was brought to recover on the note, but only to foreclose the lien. Article 1852, Rev. Stats., requires that the citation "shall state the date of the filing of plaintiff's petition, the file number of the suit, the names of all the parties and the nature of the plaintiff's demand." It has been held that these requisites are mandatory, and without them the citation will not support a judgment by default. Simms v. Miears, 190 S. W. 544.

The citation in this case was not sufficient to support the judgment by default, for which reason the judgment is reversed, and the cause remanded.

Reversed and remanded.