## A. E. STALEY MFG. CO. v. SECRETARY OF AGRICULTURE et al.

### No. 7470.

Circuit Court of Appeals, Seventh Circuit.

May 22, 1941.

As Amended on Denial of Rehearing
June 12, 1941.

Charles C. LeForgee and Carl R. Miller, both of Decatur, Ill., for petitioner.

Martin G. White and William W. Barron, both of Washington, D. C., for respondents.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Petitioner seeks to set aside an order of the Secretary of Agriculture promulgating a regulation fixing and establishing a definition and standard of identity for sweetened condensed milk, pursuant to § 701(f) (1) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 371(f) (1). The Federal Security Administrator was joined with the Secretary of Agriculture as a respondent, because the functions of the Secretary under the Act had been transferred to the Administrator under Reorganization Plan No. IV, 5 U.S.C.A. following section 133t, 5 Fed.Reg. 2421, 1940, promulgated under the Reorganization Act of 1939, 5 U. S.C.A. § 133 et seq.

This proceeding was instituted by "notice of public hearing" filed in conformity with subsection (e) of § 701 of the Act, § 701, 52 Stat. 1055, 21 U.S.C.A. § 371(e). The notice fixed the time for the purpose of holding a public hearing precedent to the promulgation of a regulation establishing a definition and standard of identity for sweetened condensed milk.

From the testimony of expert chemist witnesses it appears that a saccharine is used as a preservative and sweetening agent used by manufacturers of sweetened condensed milk for retail trade and that a mixture of sucrose and dextrose has been used to some extent for bulk or wholesale trade. It also appears that the adaptability of any particular saccharine ingredient for use in making sweetened condensed milk involves its reaction under the process and the results obtained, and that viscosity, crystallization, taste, solubility, thickness, and color must be considered.

Petitioner appeared at the hearing and offered evidence to the effect that corn syrup is a suitable sweetening ingredient in sweetened condensed milk; that from a nutritional standpoint, mixtures of sweet milk and sugars, especially sucrose, levulose, lactose and commercial glucose, commonly known as corn syrup, are physiologically essentially equivalent, interchangeable, and equal in value, and might be substituted one for the other; that corn syrup has about the same physiological effect on consumers as other sugars; that a definition of sugar restricted to mean only sucrose, in sweetened condensed milk, would be an injustice to the consumer and that a reasonable definition and standard for the best interest of consumers should read in effect "a mixture of sweet milk and sucrose, dextrose, levulose or any other digestible sugars."

There is no evidence in the record of a prior commercial use of corn syrup in the manufacture of sweetened condensed milk.

On June 28, 1940, upon consideration of the evidence received at the hearing, the Secretary of Agriculture made his findings of fact and stated his conclusion. He found that the liquid or semi-liquid food prepared by evaporating part of the moisture from a mixture of the sweet milk of cows and a saccharine ingredient is commonly known as sweetened condensed milk and that the saccharine ingredient in sweetened condensed milk is refined sugar (sucrose) or any mixture of refined sugar (sucrose) and refined corn sugar (dextrose). Based upon those findings he issued an order promulgating the regulation fixing and establishing the definition now involved, the pertinent portion thereof reading as follows: "Sweetened Condensed Milk is the liquid or semi-liquid food made by evaporating a mixture of sweet milk and refined sugar (sucrose) or any combination of refined sugar (sucrose) and refined corn sugar (dextrose)."

Petitioner now contends that the findings are not supported by substantial evidence, that the Secretary of Agriculture failed to make a finding that corn syrup (glucose) is a saccharine ingredient of sweetened condensed milk, and that he did not include corn syrup in the regulation promulgated.

At the outset we are met with respondents' contention that the petition should be dismissed for lack of jurisdiction over the subject matter. They insist we should not listen to a party who complains of a grievance which is not his. Interstate Commerce Comm. v. Chicago, R. I. & Pacific R. Co., 218 U.S. 88, 109, 30 S.Ct. 651, 54 L. Ed. 946. On the other hand, petitioner in-

260

sists that this case presents an actual controversy, and that it is a "person who will be adversely affected by such order."

In support of its contention petitioner's counsel asserts that this case involves a real and substantial controversy admitting a specific relief through a decree of conclusive character and it is a person who will be adversely affected by the order. He calls our attention to § 701(f) (1) of the Federal Food, Drug, and Cosmetic Act defining our jurisdiction to review the Secretary's order, which reads thus: "In a case of actual controversy as to the validity of any order under subsection (e), any person who will be adversely affected by such order if placed in effect may * * * file a petition with the Circuit Court of Appeals * * * for a judicial review of such order." The argument continues: "The whole thought behind the phrase 'any person who will be adversely affected,'" is that it was carefully designed and constructed to allow the orders of the Secretary to be contested by those not only adversely affected at the time and date of the order's promulgation, but also those who in the future "will be" adversely affected and concludes "petitioner's interests are now and will in the future certainly be adversely affected," and "petitioner has suffered and will continue to suffer a direct injury in being deprived of a part of its right to engage in interstate commerce."

Petitioner is not engaged in the sale of sweetened condensed milk, but is engaged in the manufacture and sale of corn syrup. In its petition it alleges that the effect of the order is adverse to its interests and will prevent the sale of its corn syrup to the condensed milk industry for use as a saccharine ingredient in sweetened condensed milk.

■ In support of the contention that this court lacks jurisdiction, respondents rely upon the cases set forth in the footnote. * It is unnecessary to review these

cases. It will be enough to say that we have considered them and believe they are not in point. We think the record does present an actual controversy as to the validity of the order, that petitioner is within the provision of the Act entitling it to review, and that we have jurisdiction.

We now come to the question whether the order of the Secretary is in accordance with law.

The Federal Food, Drug, and Cosmetic Act, by § 341, empowered the Secretary to promulgate regulations fixing and establishing for any food, under its common or usual name so far as practicable, a reasonable definition and standard of identity, whenever in his judgment such action will promote honesty and fair dealing in the interest of consumers, and by § 371(e) he is required to base his order on substantial evidence of record at the hearing and to set forth as part of the order detailed findings of fact on which the order is based.

■ In considering the previous Food and Drug Act, 21 U.S.C.A. § 1 et seq., the provisions of which were similar to the provisions of the Act we are now interpreting, the Supreme Court in United States v. Antikamnia Chemical Company, 231 U.S. 654, 665, 34 S.Ct. 222, 225, 58 L.Ed. 419, Ann.Cas.1915A, 49, said: "The purpose of the act is to secure the purity of food and drugs, and to inform purchasers of what they are buying." In exercising the authority granted by the Act now involved, the Secretary must promulgate reasonable regulations that are in compliance with the Act, such as will promote honesty and fair dealing in the interest of consumers. Morgan v. Nolan, D. C., 3 F.Supp. 143, and Nolan v. Morgan, 7 Cir., 69 F.2d 471. He is the fact-finding body. This court examines the evidence, not to make findings for the Secretary but to ascertain whether his findings are properly supported.

■ In the instant case the Secretary made no finding of fact that refined sugar

* Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–241, 57 S.Ct. 461, 81 L. Ed. 617, 108 A.L.R. 1000; Alabama Power Co. v. Ickes, 302 U.S. 464, 478, 479, 58 S.Ct. 300, 82 L.Ed. 374; Edward Hines Trustees v. United States, 263 U.S. 143, 148, 149, 44 S.Ct. 72, 68 L. Ed. 216; Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078; United States v. Merchants, etc., Ass'n, 242 U.S. 178, 186–188, 37 S.Ct. 24, 61 L.Ed. 233; Pittsburgh & W. Va. Ry. v. United States, 281 U.S. 479, 486, 487, 50 S.Ct. 378, 74 L.Ed. 980; Moffat Tunnel League v. United States, 289 U. S. 113, 119, 53 S.Ct. 543, 77 L.Ed. 1069; Tennessee Electric Power Co. v. T. V. A., 306 U.S. 118, 139, 140, 59 S.Ct. 366, 83 L.Ed. 543; Sprunt & Son v. United States, 281 U.S. 249, 256, 257, 50 S.Ct. 315, 74 L.Ed. 832; and New Orleans, M. & T. Railroad Co. v. Ellerman, 105 U.S. 166, 173, 174, 26 L.Ed. 1015.

(sucrose) and refined corn sugar (dextrose) are the only saccharine ingredients in sweetened condensed milk. While it is true that the requirement of essential findings does not require an impracticable exactness, nevertheless we think that unless a specific finding is made with reference to corn syrup or an exclusive finding made with reference to refined sugar and corn sugar, the interests of the consumers have not been given that consideration which Congress had in view; consequently, the order is not made in accordance with law.

It is so ordered.

### On Petition for Rehearing.

The petitioner adduced evidence at the hearing, which is undisputed, which appears to constitute "substantial evidence of record," but which the Secretary of Agriculture ignores completely in its order. The statute provides that the Secretary "shall base his order only on substantial evidence of record at the hearing and shall set forth as part of the order detailed findings of fact on which the order is based." 21 U.S.C.A. § 371(e).

In effect petitioner complained that the administrative fact finder did not consider the evidence in question. Certainly the right to present evidence is a barren one if the trier of fact fails to consider it. Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288; Id., 304 U.S. 1, 58 S. Ct. 773, 999, 82 L.Ed. 1129. Yet it is impossible to tell from the record whether the Secretary of Agriculture weighed the evidence and cast it aside in the exercise of his administrative discretion. Consequently, the uninformed petitioner was encouraged to resort to further litigation, and a review court finds itself helpless to exercise its limited judicial review with any degree of propriety.

It seems to us that respect for the rights of parties before it and pride in the proper dispensation of administrative justice, would compel administrative bodies to make their positions clear and thereby enable all to understand the basis of their decisions. In a recent case the Supreme Court has observed that "The administrative process will best be vindicated by clarity in its exercise." Phelps Dodge Corp. v. National Labor Relations Board, 61 S.Ct. 845, 853, 85 L.Ed. ——, decided April 28, 1941.

We therefore have remanded this case and have asked the fact finder to disclose the basis of its order. We also suggested that a specific finding may be made with reference to corn syrup or an exclusive finding with reference to refined sugar and corn sugar. Perhaps an explanation as to its disposition of petitioner's evidence would be sufficient. We do not think, as does the respondent, that this disposition of the case requires "anything unreasonable or impracticable in regard to findings. Florida v. United States, 292 U.S. 1, 9 [54 S.Ct. 603, 78 L.Ed. 1077]; United States v. Louisiana, 290 U.S. 70, 78 [54 S.Ct. 28, 78 L.Ed. 181]."

The concluding paragraph in our opinion should be deleted, and it is so ordered. The petition for rehearing is denied.