## ATWOOD et al. v. KLEBERG et al.
### No. 10055.

Circuit Court of Appeals, Fifth Circuit.

April 6, 1943.

For former opinion, see 133 F.2d 69.

Thomas Hart Fisher, of Chicago, Ill., and Brady Cole, of Houston, Tex., for appellants.

Robt. W. Stayton, of Austin, Tex., Leroy G. Denman and Leroy G. Denman, Jr., both of San Antonio, Tex., R. E. Seagler, Felix A. Raymer, and Robert F. Campbell, all of Houston, Tex., Jacob S. Floyd, of Alice, Tex., and Marcellus G. Eckhardt, of Corpus Christi, Tex., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

The motion presents for consideration only two matters which might be called new. One of these is appellant's insistence that our opinion goes beyond the findings of fact, the conclusions of law, and the judgment of the District Court, and determines the question which was reserved in the conclusions of law and the judgment, "whether or not the trustees of the Estate of Henrietta M. King have properly and fairly partitioned her estate by the deeds of partition executed by them, that question being left for determination in other litigation pending in this court". The opinion expressly setting out [133 F.2d 69, 71]: "The district judge, because the same matters were at issue in another suit then pending in the same court, reserved all questions as to whether the trustees under Mrs. King's will had fairly selected and distributed the particular properties partitioned under the residuary clause of her will, and decided all of the other questions against plaintiffs", concluded: "We find no error in the judgment, and it is affirmed."

The judgment followed the opinion. If, therefore, the opinion contains any expression, and we find none, which purports to dispose of the matters the district judge reserved, such expression would be wholly without effect on the reserved proceedings. The opinion did not authorize any adding to or taking from the judgment. It authorized merely its affirmance, and the mandate will follow the opinion.

The second matter is that since our opinion was filed, the Supreme Court of Texas has, in Avis v. First National Bank of Wichita Falls, decided, contrary to the decision of this court, that trustees in

a will containing no express power to make an oil lease, have no power to do so. An examination of the Avis case leaves in no doubt that the language of the will there construed and the circumstances surrounding its execution and the execution by the trustees of the powers conferred are wholly dissimilar to those here, and that that decision is not in conflict with ours here either in what it decides or in what it says. It rests on the ascertained intention of the testator[1] in the circumstances there disclosed of conflict between the interest of the life tenant and the remaindermen beneficiaries.[2] There are no remaindermen and life tenants here. All of the beneficiaries take by the same title. Here in addition to the comprehensive enumeration of powers in Par. I of the will, set out in our opinion, the will devoted an additional paragraph III to a further enumeration of powers. Included in these were the following: "To carry on any such business as they may deem it proper to carry on, on or in connection with the lands or personal property or any part thereof which they are empowered to manage and control and generally to do all such acts in the premises in reference to and with said property or any part thereof as an owner similarly situated might do not inconsistent with provisions of this will."

Finally, this paragraph of the will contained a clause giving to her trusted son-in-law, Robert J. Kleberg, Sr., one of the trustees, if living, and to a majority of the trustees, if he was dead, the power of final and binding decision as to any of their duties or acts. But this is not all. The proof establishes beyond controversy that the lease was an incident to and a part of the consideration for a loan or mortgage secured under difficult and trying conditions to save the estate and made under the express authority given in the will to borrow money and mortgage the property. The motion for rehearing is denied.

[1] "The primary rule governing the construction of wills is to ascertain the intention of the testator. This intention should be, if possible, gathered from the instrument itself. Furthermore, in order to ascertain the intention of the testator expressed in the will, the language used therein may be construed in connection with the surrounding facts and circumstances existing at the time the will was made."

[2] "A testamentary trustee, holding land in fee in trust * * * to pay the entire net proceeds to a beneficiary for life, with remainder to his heirs, holds it for the benefit of the remainderman as well as the life tenant, and, in the absence of language authorizing such trustee to make mineral leases, he is not authorized to grant the right to take the gas and oil from the property where no wells were open on the property at the time of the creation of the trust."