## A. E. STALEY MFG. CO. et al. v. FEDERAL TRADE COMMISSION.

### No. 8072.

Circuit Court of Appeals, Seventh Circuit.

May 10, 1943.

---

Charles C. Leforgee and Carl R. Miller, both of Decatur, Ill. (Louis A. Spiess, of Washington, D. C., and Le Forgee, Samuels & Miller, of Decatur, Ill., of counsel), for petitioners.

Joseph J. Smith, Jr., Walter B. Wooden, Asst. Chief Counsel, and W. T. Kelley, Chief Counsel, for Federal Trade Commission, all of Washington, D. C., for respondent.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The petitioners seek to review an order of the Federal Trade Commission which ordered them to cease and desist from certain practices found by the Commission to be in violation of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13(a) (b). The petitioners challenge the sufficiency of the complaint, the sufficiency of the evidence to support the findings, and the validity of the Commission's conclusions as to discriminatory conduct.

The petitioners filed a timely motion to dismiss the complaint because it was vague, indefinite and uncertain, and alleged only conclusions. The Commission denied the motion. The paragraph of the complaint that charges the discriminations we set forth in the footnote.[1] In the subsequent paragraphs it is alleged that these acts of discrimination substantially lessen competition and tend to create a monopoly in commerce in violation of the statute.

While the complaint charges the cause of action in the words of the statute, we think this was sufficient to advise the petitioners of the nature in general of the complaint. Pleadings before the Commission are not required to meet the standards of pleadings in a court where issues are attempted to be framed with a measure of exactness which is designed to limit the broad sweep of investigation that characterizes the proceedings of administrative bodies. Consumers Power v. National Labor Relations Board, 6 Cir., 113 F.2d 38, 43; National Labor Relations Board v. Remington Rand Co., 2 Cir., 94 F.2d 862, 873; National Labor Relations Board v. Sunbeam Electric Mfg. Co., 7 Cir., 133 F.2d 856. The petitioners were able to take the complaint and stipulate all of the facts in this case. That would seem to be quite per-

[1] "Paragraph Five: Since June 19, 1936 and while engaged as aforesaid in commerce among the several states of the United States and the District of Columbia, the respondents have been and are now, in the course of such commerce, discriminating in price between purchasers of said commodities of like grade and quality, which commodities are sold for use, consumption or resale within the several states of the United States and the District of Columbia in that the respondents have been and are now selling such commodities to some purchasers at a higher price than the prices at which commodities of like grade and quality are sold by respondents to other purchasers generally competitively engaged with the first mentioned purchasers."

suasive evidence that the petitioners were not misled, but knew full well what the proceedings were all about. We think under the circumstances of this case that petitioners were sufficiently advised of the issues which they were required to meet. The complaint was sufficient.

■ To sustain an order based upon this complaint, there must be discrimination as to price in commodities sold in commerce, and such discrimination in price must substantially lessen competition or tend to create a monopoly in commerce. If we assume that the Commission properly found that there was discrimination in price of commodities sold in commerce, we look in vain for the other element, that such discrimination in price had the effect "substantially to lessen competition or tend to create a monopoly." There must be some showing of facts or circumstances that would warrant a finding, and the finding must be made, that the discrimination had the effect substantially to lessen competition or tend to create a monopoly. Clearly, Congress meant something besides the mere showing of discrimination itself.

That the Commission has clearly misapprehended the required elements to be found to sustain the required allegations of the complaint is manifest by the statement in its "Conclusion": "The aforesaid discriminations in price by respondents in the sale of glucose or corn syrup unmixed, as herein set forth, have resulted, and do result, in substantial injury to competition among purchasers of glucose by affording material and unjustified price advantages to some purchasers and not to others, and violate subsection (a) of Section 2 of an Act of Congress * * *."

■ The Commission seems to think that this element of the offense is a conclusion that follows from discrimination. But it takes discrimination plus the other element as to substantially lessening competition, or tending to create a monopoly, to sustain the complaint. The latter elements are not conclusions to be drawn from the facts of discrimination. They are essential additional elements of fact that must be proved and incorporated in the findings. Congress was dealing with competition, which it sought to protect, and monopoly, which it sought to prevent. A showing of discrimination in price is not enough.[2] There must be evidence to support a finding, and there must be a finding based on that evidence, to show wherein competition is substantially lessened or monopoly fostered. It is not every discrimination that is unlawful. Congress knew that all discriminations might have some effect upon competition, but Congress was not dealing with the minor effects of discrimination. The discrimination had to be such that it substantially affected competition. Standard Fashion Co. v. Magrane-Houston Co., 258 U.S. 346, 356, 42 S.Ct. 360, 66 L.Ed. 653. The Commission has failed to make a finding covering these essential elements of the cause of action.

If there were a finding covering these elements essential to support the order, we find no evidence in the record to support such a finding. There should be evidence to prove in what respect the acts of price discrimination substantially lessen competition or promote monopoly. The Commission cannot depend upon a showing of discrimination alone. Congress was not outlawing discrimination. It was outlawing discrimination only when such discrimination was shown to have substantially lessened competition or promoted monopoly.

■ As this case is to be remanded to the Commission for further proceedings, we will direct the Commission to give fur-

---

2 "It must be always remembered that no discrimination in price is illegal under section 2(a) if it does not have the effect of suppressing or injuring competition in one of the respects required by the section. Section 2(a) prohibits unjustified discriminations in price where the effect may be:

"(1) *To substantially lessen competition or tend to create a monopoly in any line of commerce.* This language requires more than a mere logical or conceivable possibility of effect on competition, and the Supreme Court has stated the meaning of these words as follows: 'But we do not think that the purpose in using the word "may" was to prohibit the mere possibility of the consequences described. It was intended to prevent such agreements as would, under the circumstances disclosed, probably lessen competition or create an actual tendency to monopoly. That it was not intended to reach every remote lessening of competition is shown in the requirement that such lessening must be substantial.' [Standard Fashion Co. v. Magrane-Houston Co., 258 U.S. 346, 356, 357 [42 S.Ct. 360, 362, 66 L.Ed. 653].]" Henry Ward Beer, Federal Trade Law and Practice, (1942) p. 123.

456

ther consideration to the defense claimed by the petitioners that such discriminations as they made were made in good faith to meet the lower price of a competitor. We find in the record evidence directed to this defense. The Commission made some subsidiary findings touching the evidence of this claimed defense but did not make any finding as to the ultimate fact of whether the defense had been made out. We think that in the interest of clarity and fair and proper procedure, the Commission should make a finding of fact upon this evidence as to whether or not this claimed defense is made out. To this the petitioners are entitled. Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 197, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217; Federal Trade Commission v. Curtis Pub. Co., 260 U.S. 568, 580, 43 S.Ct. 210, 67 L.Ed. 408; A. E. Staley Mfg. Co. v. Secretary of Agriculture, 7 Cir., 120 F.2d 258; Saginaw Broadcasting Co. v. Federal Communications Commission, 68 App.D.C. 282, 96 F.2d 554, 563; Tri-State Broadcasting Co. v. Federal Communications Commission, 68 App.D.C. 292, 96 F.2d 564, 568.

We think the ends of justice can best be served by remanding the case to the Commission for further consideration and hearings if necessary, in order to show with more clarity, if the Commission can, wherein the discriminations occur and how they substantially lessen competition and promote monopoly, and for proper findings thereon; and for consideration of the defense urged by the petitioners, and for findings in relation thereto. The cause is remanded to the Commission to proceed as it may be advised in the light of this opinion.