## SAMUEL H. MOSS, Inc., v. FEDERAL TRADE COMMISSION.

### No. 136.

Circuit Court of Appeals, Second Circuit.

March 29, 1945.

Henry Ward Beer, of Washington, D. C. and Lewis, Marks & Kanter, of Brooklyn, N. Y., for petitioner.

Joseph J. Smith, Jr., of Washington, D. C., and W. T. Kelley, Chief Counsel, and Jno. W. Carter, Jr., both of Washington, D. C., for Federal Trade Commission.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal from (petition to review) an order of the Federal Trade Commission directing the petitioner not to discriminate in the price of rubber stamps sold in interstate commerce. The only points which we find it necessary to discuss are whether the findings support the order; whether there was evidence to support the findings; and whether the petitioner was prevented from introducing relevant evidence. After finding that the petitioner was engaged in interstate commerce in the sale of rubber stamps, the Commission found that it had sold stamps of the same size at different prices to different customers in eight specified instances; that the discrimination so practiced had not been made "in good faith to meet an equally low price of a competitor"; and that there was "no evidence that such differences in price were based upon differences in cost of manufacture, sale or delivery resulting from the different methods or quantities in which such rubber stamps were sold and delivered to various purchasers thereof." Finally, it found that these practices had a "tendency to induce the purchase of respondent's rubber stamps by various users thereof, and have tended to and do divert trade to the respondent from its competitors." That these findings supported the order is too obvious to admit of discussion.

The case was tried in part upon a stipulation declaring that in the eight instances mentioned in the findings the respondent sold rubber stamps to some of its customers at lower prices than it was selling the same stamps to other customers. The Commission's position was that, having proved this, § 2(b), 15 U.S.C.A. § 13(b), put upon the petitioner the burden of justifying the discrimination; and warranted the order, if it failed to do so. The petitioner did not prove affirmatively that the discrimination did not lessen competition or tend to prevent it; nor did it prove that its lower prices were only "to meet an equally low price of a competitor." On the contrary, it did not know its competitors' prices, but merely "bid low enough to get the business." This made it proper and indeed necessary for the Commission to make the findings it did. It is true that § 2(a) makes price discrimination unlawful only in case it lessens, or tends to prevent, competition with the merchant who engages in the practice; and that no doubt means that the lower price must prevent, or tend to prevent, competitors from taking business away from the merchant which they might have got, had the merchant not lowered his price below what he was charging elsewhere. But that is often hard to prove; the accuser must show that there were competitors whom the higher of the two prices would, or might, not have defeated, but who could not meet the lower. Hence Congress adopted the common device in such cases of shifting the burden of proof to anyone who sets two prices, and who probably knows why he has done so, and what has been the result. If he can prove that the lower price did not prevent or tend to prevent anyone from taking away the business; he will succeed, for the accuser will not then have brought him within the statute at all. Nevertheless he may succeed even though he fails to establish such a negative; for, although it will then appear that he has lessened, or prevented, competition, the proviso of § 2(b) will still excuse him, if he can show that his lower price did not undercut his competitors, but merely "met" their "equally low price." In short, that is a defence to the violation of § 2(a). This is as we interpret § 2(a) and § 2(b), when read together. We are not sure that our interpretation accords with the rulings of the Seventh Circuit in A. E. Staley Manufacturing Co. v. Federal Trade Commission, 135 F.2d 453; Id., 144 F.2d 221. In the first of these the court said at page 455 of 135 F.2d, that it was not enough to prove mere discrimination in price, but that the Commission must also prove that this lessened competition; and for this it relied upon Standard Fashion Co. v. Magrane-Houston Co., 258 U.S. 346, 42 S.Ct. 360, 66 L.Ed. 653, decided before the amendment of 1936. Indeed, the decision appears actually to have turned upon the Commission's failure affirmatively to prove that the discrimination had lessened competition. To that we cannot agree for the reasons we have given. However, in the second appeal we do not understand that the majority of the court found it necessary to rely upon that doctrine; on the con-

trary they based their decision upon the conclusion that the petitioner had carried the burden of showing that the discrimination had not in fact lessened competition. If that be the right understanding, there is no longer any difference between us.

■ The Commission appears to believe that, in order to prove the affirmative defence anyone who sells at two prices must prove that he knew what was his competitors' price, must mean not to undercut it, and must offer to sell at what he knows to be no lower than his competitors' price. We agree that he must not undercut his competitors' price; but whether it is a condition upon the defence that he must know what that price is, is another question which we reserve.. If in fact he does not undercut his competitors' price, perhaps he may escape, even though he does not know what that price is, though it is only by chance that he has not undercut it. That is to say, we need not now decide whether the phrase, "in good faith," means more than that the offer shall be made with actual intent to sell at the price named. That question does not arise here, for the petitioner did not prove that in any of the instances its price was no lower than that of its competitors. For these reasons we hold that the findings were supported by the evidence.

■■ The last question is whether the examiner excluded testimony which he should have admitted. This testimony was presented in very disjointed form, and it is somewhat difficult to know from the questions just what it was designed to prove; we therefore resort to the offer of proof made by the petitioner's attorney in the following words: "my purpose is to show these two were employees of ours, were familiar with the customers and prices charged our customers for the products; that they left our employ and set up a competing business and proceeded to solicit our customers at prices they knew they could get it for. Some of the customers are the very customers set out in the stipulation." In the light of what we have already said, this testimony was not relevant to the issue. It made no difference whether the petitioner's former salesmen offered goods "at prices they knew they could get it" (the business), "for." Once the petitioner was shown to have charged different prices, and failed to prove that this did not "lessen competition," it could not escape without showing that the offers which it made were in fact no lower than that of its competitors. Its attorney did not suggest that the witnesses would testify to that; and, if the case was to be tried with strictness, the examiner was right. It is quite true that if he had not so tried it, a less confusing record would have resulted. Why either he or the Commission's attorney should have thought it desirable to be so formal about the admission of evidence, we cannot understand. Even in criminal trials to a jury it is better, nine times out of ten, to admit, than to exclude, evidence and in such proceedings as these the only conceivable interest that can suffer by admitting any evidence is the time lost, which is seldom as much as that inevitably lost by idle bickering about irrelevancy or incompetence. In the case at bar it chances that no injustice was done, but we take this occasion to point out the danger always involved in conducting such a proceeding in such a spirit, and the absence of any advantage in depriving either the Commission or ourselves of all evidence which can conceivably throw any light upon the controversy.

Order affirmed; an enforcement order will pass.