### ATWOOD et al. v. HUMBLE OIL & REFINING CO. et al.

### No. 4764.

Court of Civil Appeals of Texas. El Paso.

Dec. 13, 1950.

Rehearing Denied March 1, 1951.

Thomas Hart Fisher, Chicago, Ill., Black & Stayton, Austin, Taylor, Cox, Wagner & Adams, Brownsville, for appellants.

Felix A. Raymer, Houston, Robert Lee Bobbitt, Jr., Leroy G. Denman, Jr., both of San Antonio, R. E. Seagler, Houston, S. P. Neilson, Jesse G. Foster, S. L. Gill and Roger F. Robinson, all of Raymondville, Jones, Hardie, Grambling & Howell, El Paso, for appellees.

SUTTON, Justice.

This is an appeal from a judgment of the 103d District Court of Willacy County.

Edwin K. Atwood and Alice B. Atwood filed the suit against the Humble Oil & Refining Company and other defendants, but the controversy here is between the

plaintiffs and Humble. The suit, as we construe the pleadings, in alternative counts, was primarily to redeem 122,546.2 acres of land owned by plaintiffs from a loan and mortgage. The first and primary count is for redemption of such property with alternative counts for other relief not necessary to notice. The redemption sought is from two certain oil and gas leases executed by the Trustees acting under the will of Mrs. Henrietta M. King, deceased, the source of plaintiffs' title, to Humble, dated September 26, 1933. It is alleged the oil and gas leases were incident to and a part of the consideration for a loan or mortgage and a part of a mortgage transaction entered into between such Trustees and Humble simultaneously with and on the same date the leases were made. It is further pleaded the decision and judgment of the United States Circuit Court of Appeals for the Fifth Circuit at New Orleans in a suit between the same parties held and adjudicated the leases to be a mortgage in opinions reported, Atwood v. Kleberg, 5 Cir., 133 F.2d 69 and Id., 5 Cir., 135 F.2d 452, and that such opinions and judgments are res adjudicata of that issue and the defendants estopped to assert to the contrary.

The defendants answered with pleas of res adjudicata and estoppel predicated on the same judgments and opinions on the ground the relief sought here could have and should have been sought there. The plaintiffs say on the one hand the issue of whether or not the leases are mortgages was raised and determined and the defendants are bound by it, while the defendants say on the other, it was not presented or raised but could have and should have been and the issue has been adjudicated against plaintiffs. The defendants made other answers but they are not material here.

The trial court separated out the pleas of res adjudicata and estoppel and tried them alone and determined each of such in favor of the defendants, holding the pleas asserted by the defendants are good because the relief sought in the instant suit could have and should have been raised and determined in the Federal suit. We, therefore, are not concerned here with the merits of the case and are not called upon to determine whether or not the leases are mortgages and the plaintiffs entitled to redeem therefrom, but are concerned only with two questions already suggested.

In the Federal litigation the plaintiffs sought to establish a trust of the minerals, fix their interests therein and secure the appointment of a successor trustee; and secondly to cancel the leases as void on three grounds: (1) that the minerals having been severed and placed in trust the trustees had no title to the minerals to support the Humble leases; (2) if they did have title the leases were invalid because they had no power under the will to make a lease to extend beyond the ten-year period of their trust more than eight years of which had elapsed on the date of the leases, which were made for a primary term of twenty years, and so long thereafter as oil and gas is produced; and (3) because the leases were so grossly improvident in terms and conditions as to amount to an abuse of their trust, Atwood v. Kleberg, supra, 133 F.2d loc.cit. 70–71. We need notice the second claimed ground of invalidity only.

The trustees were vested with broad and comprehensive powers under the terms of the will: "to possess, hold, have, conduct, manage and control, lease, bargain, sell, convey and deliver or exchange the trust estate or any of the properties * * * ; to borrow money and execute and deliver all necessary notes, mortgages and deeds of trust to secure the payment of same, * * * and generally to do any and all things in the premises which Mrs. King would or could do if living and personally present and acting." Atwood v. Kleberg, supra, 133 F. 2d loc.cit. 72. The will further authorized the trustees "to carry on any such business as they may deem it proper to carry on, on or in connection with the lands or personal property or any part thereof which they are empowered to manage and control and generally to do all such acts in the premises in reference to and with said property or any part thereof as an owner similarly situated might do not inconsistent with the provisions of this will." The will also gave to Mrs. King's son-in-law, Robert J. Kleberg, Sr., one of the trustees, if

living, and to a majority of the trustees, if he was dead, the final decision as to any of their acts and duties, 135 F.2d 453.

The Federal Trial Court found the trustees were fully authorized and empowered under the provisions of the will to make the Humble leases and that there was no bad faith or lack of business judgment nor fraud nor duress practiced in the making of the leases and concluded they were valid and so adjudged them to be. The Circuit Court of Appeals affirmed that conclusion and judgment without any extended discussion of the reasons therefor in its original opinion.

On the motion for rehearing the plaintiffs urged upon the Court a proposition the Supreme Court of Texas in Avis v. First National Bank of Wichita Falls had held the trustees in a will containing a power to sell but no express power to make a mineral lease have no power to do so, which holding was on motion for rehearing reversed, Avis v. First National Bank, etc., 141 Tex. 489, 174 S.W.2d 255. The Court on the motion for rehearing wrote the opinion in 135 F.2d 452, 453, wherein it is said the motion raised but two matters that may be said to be new, one of which was the holding just noted. In discussing the Avis opinion then before them the Court noted in its opinion the language used in the will there construed, the circumstances surrounding the execution of the will and the execution of the powers by the trustees were wholly dissimilar to those in the matter of the King will, and that the decision there was not different from what it had held, and proceeded to point out the differences. The provisions heretofore noted as there set out were quoted, and then the Court said: "The proof establishes beyond controversy that the lease was an incident to and a part of the consideration for a loan or mortgage secured under difficult and trying conditions to save the estate and made under the express authority given in the will to borrow money and mortgage the property. The motion for rehearing is denied." It is upon this quoted portion of the per curiam opinion plaintiffs rest their pleas of res adjudicata and estoppel. What the Court there said is plain enough, but what it intended, if anything by way of ad-

judication is not so apparent, as is evidenced by the diverse opinion of learned counsel.

█ █ Because, in our opinion this case must be reversed for a trial on the merits and a determination of the question of whether or not the leases were mortgages, we do not feel at liberty to speculate or express an opinion as to what may have been intended by such quoted portion. It is admitted by all parties to this litigation there is nothing in the pleadings filed in the Federal Court to suggest or raise the issue of mortgage, nor in the evidence (unless it may be raised by the documentary evidence, as is claimed by plaintiffs, but which we do not pass upon), nor by argument. The attention of the Courts was in no manner directed to that question. We have, therefore, been unable to reach the conclusion the Court intended to hold the leases were made under the power conferred in the will to borrow money and mortgage property to secure the same and were valid for that reason rather than that they were made under the power to sell and the general broad powers given. If it were a mere reason for the determination then it is no part of the judgment. Davis v. Hemphill, Tex.Civ. App., 243 S.W. 691, loc.cit. 693, (3, 4), error refused; 49 C.J.S., Judgments, § 22, page 51. The opinion ordinarily represents the reasons for the judgment and the judgment may be sound and the reasons therefor wholly erroneous. 30 Am.Jur. 824, Sec. 9. All facts well pleaded in the petition which are necessary to sustain the judgment rendered may be fairly said to have been adjudicated. Pegues v. Moss, Tex.Civ.App., 140 S.W.2d 461, loc.cit. 471 (11) error granted, and cases cited. Conversely, we think facts not well pleaded may fairly be said to have not been adjudicated. Plaintiffs' suit in the Federal Court had for its purpose the cancellation of the leases because void, whereas, a suit to have the leases adjudged to be mortgages must assume them valid for such purpose.

█ The record in nowise discloses anything done or said in the whole course of the Federal litigation which was calculated to suggest to the Courts the leases were mortgages and if so they should be so

adjudged. On the other hand, it seems to us, the whole effort was to have the leases declared invalid on the grounds urged and that the Courts merely determined them valid as against the attacks made on them. There is nothing to be found which would indicate the intention of plaintiffs to have the issue adjudicated or that the defendants were in anyway apprised of such issue. It is said a Court may not go beyond the issues and pass upon matters which the parties neither submitted nor intended to submit for its determination. Sandoval v. Rosser, Tex. Civ.App., 26 S.W. 930, certified questions answered, Id., 86 Tex. 682, 26 S.W. 933. A judgment may be supported by pleadings and if not so supported it is fundamentally erroneous. City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221 (T), in which judgment the title to real property was adjudicated in a suit to determine to whom the rents belonged and in which the pleadings alleged ownership to be in the favored part. It is said in Freeman on Judgments, Fifth Ed., Vol. 2, p. 1469, Sec. 695, estoppel by judgment is ordinarily restricted to such matters as might have been litigated under the pleadings, and cites the Texas case of International & G. N. Ry. Co. v. Concrete Inv. Co., Tex.Civ.App., 201 S.W. 718, affirmed in Tex.Com.App., 263 S.W. 265, holding the pleadings must support the issue.

Likewise, we are unable to sustain Humble's pleas of res adjudicata and estoppel. The debt claimed by plaintiffs to have been secured by the leases as a mortgage had neither matured nor been paid at the time the Federal suits relied upon were in process of litigation. It seems too elementary to require the citation of authority that a suit to redeem does not lie until the obligation secured by the mortgage has been fully satisfied. As we understand it defendants do not contend otherwise but limit their claim to the proposition plaintiffs could and should have by way of declaratory relief sought and had the issue of mortgage determined in the Federal proceedings. But it seems to be universally held a suit to redeem may not be brought prior to the maturity of the obligation and the satisfaction thereof. T. J. Vol. 29, p. 1010, Sec. 163;

Whitehead v. Fisher, 64 Tex. 638; Jones v. Porter, 29 Tex. 456; Burks v. Burks, Tex. Civ.App., 141 S.W. 337; Vol. 59 C.J.S., Mortgages, §§ 842, 843, pages 1603, 1609; Am.Jur. Vol. 36, Sec. 182, p. 783, Sec. 196, p. 790.

It is not sufficient that plaintiffs could have by a proper pleading sought and obtained an adjudication as to the status of the leases as mortgages or not. It is essential to sustain the pleas that the issue was a part of or incident to the cause of action asserted. It is too plain for argument, it seems to us, that the cause of action to redeem asserted in the instant suit is another and different from that asserted in the Federal litigation. There they sought only to have the leases declared void, whereas they here in their first and primary count seek to redeem from the leases asserted to be mortgages coupled with a claim as we have just seen that they have been so adjudicated. That much they did not even admit in the prior litigation, asserting in the absence of express power to make leases it did not exist. Of course, under the authorities familiar to all, plaintiffs having asserted the leases to be invalid and undertaken to sustain that assertion and claim, they could not now assert them to be invalid for a reason not then asserted, but they are not cut off from saying the leases are valid as mortgages and claiming their right to redeem therefrom. We regard these conclusions so fully sustained by Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, (T) and the many cases following it, and others to the same effect, including International & G. N. Ry. Co. v. Concrete Inv. Co., supra, we deem it unnecessary to discuss them and quote from them to demonstrate it. The cases are available to everyone.

Finally, we think it may be said, if the mortgage issue were a part of plaintiffs' cause of action which they could have and should have set up, which we hold it was not, then, if there were evidence in the record to support it the conclusion would necessarily follow it was determined against the defendants.

The judgment of the trial court, therefore, will be affirmed insofar as it denies

plaintiffs' pleas of res adjudicata and estoppel, and reversed insofar as it sustains defendants' pleas of res adjudicata and estoppel, and the cause remanded for a trial on the merits.

McGILL, J., not participating