**RUBEROID CO. v. FEDERAL TRADE COMMISSION.**

No. 149, Docket 21667.

United States Court of Appeals, Second Circuit.

Argued April 4, 1951.

Decided June 4, 1951.

Mandate Amended Aug. 14, 1951.

894

Cyrus Austin, of New York City (Austin & Malkan, of New York City, on the brief), for petitioner.

Jno. W. Carter, Jr., Atty., Federal Trade Commission, of Washington, D. C. (W. T. Kelley, Gen. Counsel, and James W. Cassedy, Asst. Gen. Counsel, Federal Trade Commission, of Washington, D. C., on the brief), for respondent.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

CLARK, Circuit Judge.

On a proceeding to review an order of the Federal Trade Commission, petitioner Ruberoid Co. prays that the order be set aside, or in the alternative modified in some four respects. The order was issued upon a complaint charging petitioner with violation of § 2(a) of the Clayton Act, as amended by the Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13(a). It directed petitioner to cease and desist from price discrimination in the sale of asbestos or asphalt roofing materials "by selling such products of like grade and quality to any purchaser at prices lower than those granted other purchasers who in fact compete with the favored purchaser in the resale or distribution of such products."

The order was issued after hearings, wherein counsel for the Commission pro-duced evidence showing that petitioner had granted discounts or price differentials of from 5% to 7½% of list price to certain of its customers. Petitioner classified its customers into three groups: wholesalers, retailers, and applicators, the last being roofing contractors who applied petitioner's products on their contract jobs for which they were paid as a whole. The Commission found active competition for the resale of petitioner's products, as well as the price discrimination noted, among the roofing contractors or applicators and the retailers. As to wholesalers, there was sharp disagreement among counsel as to whether the record established any discrimination there. The Commission noted this, and went on to hold the evidence insufficient to establish such discrimination, but pointed out "that the particular designations given purchasers are not always controlling as indicating the functions actually performed by such purchasers. For example, one purchaser, although engaged primarily as a roofing contractor or applicator, sold quantities of the products to other applicators. And another purchaser, although classified by respondent as a wholesaler, also functioned as an applicator." In a conclusion challenged here, it then said that the particular designations applied to the various purchasers were unimportant, the controlling factor being the establishing of price discriminations among purchasers who were in fact competing with one another in the resale of petitioner's products. So, it continued: The corrective action "should be sufficiently comprehensive to stop the discriminations, irrespective of the designations applied to the purchasers."

At the hearings petitioner presented no evidence contesting the price discrimination found by the Commission and does not seriously contest the issuance of some form of order against it. It does, however, vigorously attack the order for its generality and for the particular prohibitions discussed below. We sympathize with the petitioner's position and can realize the difficulties of conducting business under such general prohibitions. Nevertheless we are convinced that the cause of the trouble is the Act itself, which is vague and

general in its wording and which cannot be translated with assurance into any detailed set of guiding yardsticks. Compare Standard Oil Co. v. F. T. C., 340 U.S. 231, 249, 253, 71 S.Ct. 240. In formulating its orders, the Commission has tried from time to time to develop a plan; but one of its latest attempts, that in Federal Trade Commission v. Morton Salt Co., 334 U.S. 37, 68 S.Ct. 822, 92 L.Ed. 1196, resulted in such failure that it is now attempting a new course, which "merely represents another milestone" in its efforts to establish a fair and just interpretation of this difficult Act. We are not justified in ordering the Commission to undertake an illusory certainty which will not stand up in the process of review.

Petitioner's requested modifications are that the order be reframed to prohibit only differentials between purchasers of roofing materials competing in the resale thereof as applicators or retailers; to exempt differentials of less than 2½% between retailers; to contain a proviso excepting a discount for differences in petitioner's costs of manufacture, sale, or delivery, i. e., a quantity or other discount permitted under the Act itself; and to contain a proviso excluding from its prohibition differentials made in good faith to meet competition, again as permitted in the Act itself. The first two provisions, petitioner claims, are required by the evidence. The last two, involving exceptions in the Act itself, it claims to be necessary lest it either be held in contempt for lawful acts or bear the burden of showing legality.

■ Parenthetically we should point out that under the Morton Salt case, explicitly following our own decision in Samuel H. Moss, Inc. v. F. T. C., 2 Cir., 148 F.2d 378, certiorari denied 326 U.S. 734, 66 S.Ct. 44, 90 L.Ed. 438, the burden of proving that a seller comes within one of the Act's exceptions is placed upon the one who claims it. Furthermore, under both the wording of the particular order and the law itself, no contempt can be found for legally permissible acts. If there were any doubt about this, both the Commission's brief and our opinion herein point out as much. Further, it is surely not

necessary to repeat the wording of the statute in the order itself. The Commission does point out, however, with some force that petitioner has been found guilty of definite price discriminations and has not seen fit to introduce evidence which might show these discounts within the statutory exceptions. Petitioner should not have the opportunity of making that contest hereafter on a proceeding in contempt. Only in the event of a definite change of circumstances will a new hearing on the facts be justified. The insertion of the provisos is therefore not only unnecessary to the extent that they are legally applicable, but potentially misleading as suggesting the possible retrial in contempt proceedings of issues already settled.

■ The other two requested modifications are apparently the main reasons for plaintiff's appeal to us. Since discrimination among wholesalers was not found, the argument is that the prohibition should run against only differentials among applicators or retailers. Since no differentials under 5 per cent were found, the argument is that there is no evidence to support a finding of material discrimination in lesser differentials—specifically, those up to 2½ per cent among retailers. The first point rests upon the provision of the Act which prohibits discrimination "in price between different purchasers of commodities of like grade and quality" and previous decisions of the Commission drawing distinctions in price discrimination based upon functional differences among classes of competing purchasers. Thus the order in the Morton Salt case, which appears at page 51 of 334 U.S., at page 830 of 68 S.Ct., 92 L.Ed. 1196, separately prohibits price discrimination among wholesalers and price discrimination among retailers. That fact, however, was not of importance in the decision and nothing therein states any arbitrary requirement to that effect. Here, too, the Commission's answer appears adequate, as is demonstrated by its findings and conclusions with respect to the applicators. Indeed to many of us an "applicator" who purchases petitioner's products to use them in a contracting job for some building owner would seem pretty much like a

wholesaler; moreover, as the Commission pointed out, there was no rigid differentiation of function: one applicator, for instance, sold quantities of the products to other applicators, while one wholesaler acted as an applicator. The Commission appears quite justified, therefore, in concluding that there was no real functional difference necessarily disclosed by petitioner's classification of its customers and that the order should hit the evil directly, rather than invite evasion by incorporating an ambiguous label. Austin, Price Discrimination and Related Problems under the Robinson-Patman Act 51, 52 (1950).

As to the request for the modification permitting a 2½ per cent differential, there seem two definite answers: First, there is nothing in the law suggesting such a limited differential; even assuming *arguendo* that the Commission perhaps might permit it on a finding of immateriality under all the circumstances, we cannot force such a finding upon it. Second, there was evidence tending to show that differentials of small amounts were important in the trade. As to the first, petitioner's argument seems to run along the line that one who is found guilty of exceeding a 30-mile-per-hour automobile speed limit for traveling 50 miles per hour should then receive permission to travel at 40 miles per hour— or at least 35. Proof of the violation here made should lose nothing, it would seem, because it is thorough proof of a thorough violation. Prohibition should cover in any event the violation in full.

Petitioner claims some support from the Morton Salt case, but we think that decision is quite definitely against the contention made. In that case the Commission expressly prohibited selling "to some wholesalers [or retailers as covered by a separate paragraph] thereof at prices different from the prices charged other wholesalers who in fact compete in the sale and distribution of such products; provided, however, that this shall not prevent price differences of less than five cents per case which do not tend to lessen, injure, or destroy competition among such wholesalers [retailers]." The Court specifically says, 334 U.S. at page 53, 68 S.Ct. at page 831, 92 L.Ed. 1196: "Paragraphs (a) and (b) up to the language of the provisos are approved," a statement it repeats later, 334 U.S. at page 55, 68 S.Ct. at page 831, 92 L.Ed. 1196. It goes on to point out that the clause permitting differentials of less than five cents "would appear to benefit respondent, and no challenge to it, standing alone, is here raised." Then it considers the respondent's objection to the final clause and holds that clause invalid for a vagueness which throws the whole question into the courts. It strikes this latter part out, but, while saying that it would sustain the order with the exception of the proviso, nevertheless concludes that the deleted part is so important that the Commission "should have an opportunity to reconsider the entire provisos in light of our rejection of the qualifying clauses, and to refashion these provisos as may be deemed necessary."

Thus it is quite clear that an order may legally prohibit *all* differentials, and hence the form of prohibition before us is justified by the Morton Salt case itself. It is to be noted that the Court does not in that case expressly approve of the small differential of five cents per case there suggested by the Commission, although it is a possible inference, in view of the purpose for which the matter was returned to the Commission, that a finding in favor of such a differential would not be illegal if based on appropriate evidence. It is clear, however, that the case does not force the Commission always to indicate some modest maximum in stating its prohibition.

Moreover, here the evidence produced by the Commission through the testimony of a sales manager for the petitioner showed that differentials of small amount and specifically of 2½ per cent were quite important in the realm of competition among petitioner's customers. The manager testified that in certain instances the 5 per cent discount allowed was insufficient for the customers' uses and petitioner found it therefore necessary or desirable to add an additional 2½ per cent. Cf. Austin, op. cit. supra at 48, 49. In the light of this evidence and in view of the very wide discretion given the Commission in fitting the

remedy to the evil before it, Jacob Siegel Co. v. F. T. C., 327 U.S. 608, 611, 612, 66 S.Ct. 758, 90 L.Ed. 888; Charles of the Ritz Distributors Corp. v. F. T. C., 2 Cir., 143 F.2d 676, 680, we are not justified in ordering the insertion of a maximum permissible discrimination, even a moderate one, in this order. It must therefore stand, for appropriate enforcement.

Order affirmed; enforcement granted.