**RESORT CAR RENTAL SYSTEM, INC., et al., Petitioners,**

**v.**

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 73–3031.**

United States Court of Appeals, Ninth Circuit.

April 14, 1975.

Certiorari Denied Oct. 6, 1975. See 96 S.Ct. 41.

Eric L. Zubel, (argued) and Orin G. Grossman, Las Vegas, Nev., for petitioner.

John T. Fischbach, Atty. FTC (argued), Washington, D. C., for respondent.

## OPINION

Before BROWNING and HUFSTEDLER, Circuit Judges, and SKOPIL,* District Judge.

PER CURIAM:

Petitioners request a review of the Federal Trade Commission's cease and desist order of July 31, 1973. It is contended that the order was not supported by substantial evidence on the record and that it exceeded the scope of the Federal Trade Commission's authority to prescribe remedial measures.

■ We review the evidence to determine whether it was sufficient to reasonably support the Commission's conclusions. The Federal Trade Commission's judgment is entitled to great deference here because deceptive advertising cases necessarily require "inference and pragmatic judgment". Federal Trade Commission v. Colgate-Palmolive Co., 380 U.S. 374, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965).

■ Petitioners' challenge to the evidence is concentrated on hearsay questions regarding the testimony of two consumer witnesses and documents upon which their testimony was partially based. We note in passing that hearsay is generally admissible in Federal Trade Commission hearings provided it is relevant, material, and reliable. Callaway Mills Co. v. Federal Trade Commission, 362 F.2d 435 (5th Cir. 1966); Samuel H. Moss, Inc. v. Federal Trade Commission, 148 F.2d 378 (2d Cir. 1945). The Commission's determination of reliability is conclusive unless the testimony is "inherently improbable". Universal Camera

* The Honorable Otto R. Skopil, Jr., United States District Judge, District of Oregon, sitting by designation.

Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Detailed scrutiny of the hearsay problems raised is unnecessary here because substantial evidence exists even if the disputed testimony and documents are stricken from the record. The Federal Trade Commission has the expertise to determine whether advertisements have the capacity to deceive or mislead the public. Consumer testimony, although sometimes helpful, is not essential. Floersheim v. Federal Trade Commission, 411 F.2d 874 (9th Cir. 1969), cert. denied, 396 U.S. 1002, 90 S.Ct. 551, 24 L.Ed.2d 494; Federal Trade Commission v. Colgate-Palmolive Co., *supra.* The Commission could have arrived at the same conclusions regarding the deceptive nature of petitioners' advertising without its consumer witnesses, whose testimony merely supported the inferences which can logically be drawn by scrutinizing the advertising alone. The "Dollar-A-Day" slogan carries strong psychological appeal. Its connotations are obvious. The design of the form contracts used by petitioners tended to continue the deception initiated by the slogan.

Contrary to petitioners' assertions, the public is not under any duty to make reasonable inquiry into the truth of advertising. The Federal Trade Act is violated if it induces the first contact through deception, even if the buyer later becomes fully informed before entering the contract. Exposition Press, Inc. v. Federal Trade Commission, 295 F.2d 869 (2d Cir. 1961), cert. denied, 370 U.S. 917, 82 S.Ct. 1554, 8 L.Ed.2d 497; Carter Products, Inc. v. Federal Trade Commission, 186 F.2d 821 (7th Cir. 1951). Advertising capable of being interpreted in a misleading way should be construed against the advertiser. Ward Laboratories, Inc. v. Federal Trade Commission, 276 F.2d 952 (2d Cir. 1960), cert. denied, 364 U.S. 827, 81 S.Ct. 65, 5 L.Ed.2d 55;

Neither actual damage to the public nor actual deception need be shown. See Federal Trade Commission v. Algoma Lumber Co., 291 U.S. 67, 54 S.Ct. 315, 78 L.Ed. 655 (1934).

Petitioners further complain that the Commission's order exceeded its lawful authority to proscribe unlawful trade practices. They argue that excision of the trade name "Dollar-A-Day" destroyed the valuable good will vested in that slogan when less drastic means could have achieved the desired end.

The Federal Trade Commission has broad discretion to fashion orders appropriate to prevent unfair trade practices. That was not abused here. The order was reasonably related to its goals. As the order stated, "[t]he trade name, 'dollar-a-day' by its nature has a decisive connotation for which any qualifying language would result in a contradiction in terms".

Petitioners' due process arguments are betrayed by the record. Excision of the trademark was a threshold proposal in the complaint, was recommended in the initial decision and order of the Administrative Law Judge, and was argued before the Commission. Petitioners' apparent failure to propose qualifying language was a tactical decision. The Federal Trade Commission's order reveals that the Commission considered that possibility anyway. If anything, petitioners received more due process on this issue than they sought. See Burlington Truck Lines v. United States, 371 U.S. 156, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962); Carter Products, Inc. v. Federal Trade Commission, 268 F.2d 461 (9th Cir. 1959), cert. denied, 361 U.S. 884, 80 S.Ct. 155, 4 L.Ed.2d 120.

Bell Rent-A-Car, Inc. has been dismissed from this appeal for lack of jurisdiction because it was not included in the Commission's disputed order. 15 U.S.C. § 45(c).

Affirmed and ordered enforced.