**624**

FEDERAL TRADE COMMISSION,
Plaintiff—Appellee,

v.

John R. MUNOZ and Automated Systems & Concepts International, Inc., Defendants—Appellants,

Frank Gale, Timothy Munoz, Creative Marketing Concepts, Inc., Premier Entertainment, Inc., Defendants.

Byron MOLDO Receiver.

No. 00–55319.
D.C. No. CV–98–06364–SVW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided Aug. 27, 2001.

Before NOONAN, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Automated Systems & Concepts International, Inc. ("ASCI") and John Munoz appeal the district court's final judgment after a bench trial. The district court held that appellants violated Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and Section 310.3(a)(2) of the Telemarketing Sales Rule, 16 C.F.R. § 310.3(a)(2)(vi), by making false and deceptive statements in connection with the marketing of investments in three general partnerships (NABP I, II, and III). The district court entered a permanent injunction prohibiting appellants from making such misrepresentations and ordered appellants to pay the FTC $11,822,611 to redress those injured. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts, we will not recite them.

■ We review the district court's findings of fact for clear error. *Anderson v. City of Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Although the district court's adoption of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

findings proposed by the FTC does not alter the clearly erroneous standard, *Russian River Watershed Prot. Comm. v. Santa Rosa*, 142 F.3d 1136, 1140–41 (9th Cir.1998), "close scrutiny of the record is appropriate." *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1385–86 (9th Cir.1986). We review de novo the district court's legal conclusions and mixed questions of law and fact. *Cigna Prop. & Cas. Ins. Co. v.. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir.1998). We review restitution orders and amounts for an abuse of discretion. *United States v. Pappadopoulos*, 64 F.3d 522, 530 (9th Cir. 1995).

■ Appellants contend that the district court erroneously found that ASCI engaged in deceptive practices in violation of Section 5 of the FTC Act. We disagree. The record contained evidence of misrepresentations of substantial profits, demonstrated appellants' exaggeration of NABP product retail orders, and established a pattern of misrepresentation regarding the contents of the Elvis Immortal product. Appellants' argument that the misrepresentations were immaterial because NABP sales brochures included risk summaries is without merit. *Resort Car Rental Sys., Inc., v. FTC*, 518 F.2d 962, 964 (9th Cir. 1975) ("Federal Trade Act is violated if it induces the first contact through deception, even if the buyer later becomes fully informed before entering the contract."). The district court did not clearly err in finding that ASCI made misrepresentations and properly found that ASCI had violated Section 5 of the FTC Act. *Southwest Sunsites, Inc. v. FTC*, 785 F.2d 1431, 1435 (9th Cir.1986) (Section 5 of the FTC Act is violated "if there is a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances.") (emphasis omitted).

■ Appellants' contention that the district court erroneously found that ASCI violated the Telemarketing Sales Rule by misrepresenting a material aspect of the investment opportunity is also without merit. The FTC presented evidence containing misrepresentations about NABP products' profitability, purchase order amounts, Elvis Immortal's contents, and the infomercial's release date. Thus, the district court did not clearly err in finding that material misrepresentations were made and properly held that ASCI had violated the Telemarketing Sales Rule.

■ Appellants argue that the district court should not have imposed restitutionary relief. We disagree. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the FTC may obtain a permanent injunction and any ancillary relief, such as restitution, for violations of Section 5 of the FTC Act. *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1101–03 (9th Cir.1994). The FTC may enforce violations of the Telemarketing Sales Rule as though they were violations of Section 5 of the FTC Act. 15 U.S.C. § 6105(b). ASCI engaged in misrepresentations of a kind usually relied on by reasonably prudent persons and consumer injury resulted. *Pantron I*, 33 F.3d at 1101–03. ASCI telemarketers routinely made 25–30 calls a day, misrepresenting NABP products' profitability, the amount of NABP products guaranteed orders, Elvis Immortal's infomercial release date, and Elvis Immortal's contents. The telemarketers' 3,000 calls resulted in 650 investors who lost a total of $11,822,611. The district court did not clearly err in finding that the material misrepresentations were widely disseminated and that consumers invested in the NABP partnerships. *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 605 (9th Cir.1993) (wide dissemination of material misrepresentation and consumer purchases result in a presumption of actual reliance). Thus, the district court

did not abuse its discretion by ordering ASCI to pay restitution.

■ Munoz's contention that the district court improperly held him personally liable for ASCI's violations is without merit. The evidence supports the finding that Munoz was president, secretary, treasurer, and director of ASCI; that he had the authority to hire and fire ASCI employees and sign documents, including paychecks, on ASCI's behalf; that he conducted and participated in sales meetings, and trained the staff in sales techniques; and that he was actively involved in the effort to market the investments to consumers. Thus, the district court did not err in holding Munoz individually liable. *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170–71 (9th Cir.1997) (individual's status as corporate officer and authority to sign documents on behalf of corporate defendant sufficient to demonstrate the requisite control for finding individual liable).

■ Finally, as to the amount of restitution ordered, appellants contend that the district court abused its discretion by ordering them to pay the FTC $11,822,611. We disagree. ASCI solicited investments in NABP partnerships and, according to the receiver's declaration, sold a total of $11,822,611 in the NABP partnerships. No investor received a return on the investment. The receiver also testified that ASCI received $9,000,565. Although this discrepancy is not explained, the proper measure of restitution is the amount that will restore the victims to the status quo ante, not what appellants received. The district court had the authority to order restitution of the amount lost, not just disgorgement of what was received. *Figgie*, 994 F.2d at 606–07. The district court did not abuse its discretion by ordering ASCI and Munoz to pay $11,822,611 in restitution.

AFFIRMED.