### MORGAN v. DAVIS et al. (No. 9817.)

(Court of Civil Appeals of Texas. Dallas. March 5, 1927.)

**1. Appeal and error ⊜—1001(1)—Finding of jury, adopted by trial judge and sustained by evidence, is binding on appeal.**

Finding of jury as to service of citation, adopted by trial judge and sustained by evidence, is binding on appeal.

**2. Judgment ⊜—101(1)—To sustain default judgment, cause of action must be alleged with accuracy and certainty.**

To sustain a judgment by default, petition must set forth cause of action with substantial accuracy and with sufficient certainty to inform court of judgment to render without looking for proof not within the allegations.

**3. Judgment ⊜—101(2)—Petition, based on transfer of note, held not to allege cause of action that would support default judgment.**

Petition alleging that payee sold, transferred, and delivered note, thereby becoming liable, without pleading unqualified indorsement, *held* not to allege cause of action that would support default judgment.

**4. Courts ⊜—121(2)—Court held without jurisdiction of action between codefendants, where amount involved, unconnected with main action, was below jurisdiction of court.**

Where amount involved in suit between codefendants was below jurisdiction of county court and subject-matter was in no way connected with main action, court *held* without jurisdiction of action between codefendants.

**5. Judgment ⊜—94—Judgment by default, in suit for unliquidated demand, held void.**

Where suit was for an unliquidated demand, judgment by default *held* void.

Appeal from Henderson County Court; Grover H. Curlee, Judge.

Action by S. L. Morgan against T. B. Davis and others. From a judgment for defendants, plaintiff appeals. Reversed with directions.

E. A. Landman, of Athens, for appellant.

JONES, C. J. Appellant, S. L. Morgan, brought this suit in the county court of Henderson county against T. B. Davis, A. F. Davidson, Howell E. Smith, residents of said county, and the sheriff, deputy sheriff, and constable of precinct No. 1 in said county, and the clerk of the county court of said county, appellees, for the purpose of canceling and setting aside a judgment rendered by default against him in said court in favor of said Howell E. Smith, for the sum of $302.75, and in favor of the said Davis and Davidson, his codefendants, in the sum of $198.28, and to enjoin all of said parties from issuing, or causing to be issued, a writ of execution, or from serving, or causing to be served, such writ that had theretofore been issued. A temporary writ of injunction was granted upon the presentation of the petition, but, on the hearing of a motion by appellees to dissolve, the temporary writ of injunction was dissolved and appellant has duly perfected his appeal to this court. On application of appellant, the temporary writ of injunction is held in force pending this appeal. The facts are as follows:

On the 8th of April, 1924, appellee, Howell E. Smith, on a petition theretofore filed, was awarded a judgment by default for the sum of $302.75, against appellees Davis and Davidson and appellant; and the said Davis and Davidson, as codefendants, were awarded a judgment by default for $198.28 against appellant on their action thus brought against him. Execution was not attempted to be served on appellant until about the 15th day of August thereafter, when this suit was immediately filed.

The grounds for the cancellation of this judgment and for the issuance of the injunction, as disclosed by appellant's petition, are that the portion of the judgment by default in favor of the said Smith against appellant is void, because, first, there was no service of citation and appellant had no knowledge that the suit was filed or that judgment was entered until the sheriff undertook to levy the writ of execution, and, second, the pleading of Smith does not allege a cause of action against appellant and is insufficient to support a judgment by default;

that portion of the judgment in favor of the said Davis and Davidson and against appellant is void because of want of service on appellant, and also because their said action shows on its face that it is an independent and disconnected suit from the one filed by Smith, and involved an amount not within the jurisdiction of the county court, and because the said action shows on its face to be for an unliquidated demand, does not give to the court the necessary facts upon which a judgment for any amount could be entered, and requires proof aliunde of the facts alleged in such action as a basis for judgment.

[1] The question of service was submitted by the court to a jury on the hearing of the motion to dissolve, and the jury's finding on said issue was against appellant, and the trial court impliedly adopted this finding. As it is sustained by evidence, such finding is binding on this court, and this ground will not be further considered.

Are the allegations of fact in Smith's petition sufficient to sustain a judgment by default? The facts alleged are that on October 20, 1920, Davis and Davidson made, executed, and delivered to appellant a certain promissory note of said date due October 20, 1921, for the sum of $225, bearing interest at the rate of 10 per cent. per annum and providing for attorney's fees, if said note should be placed in the hands of an attorney for collection or suit; that appellant sold, transferred, and delivered said note to the Smith Motor Company for a valuable consideration; and that said Smith Motor Company transferred said note to plaintiff without recourse and for a valuable consideration—

"wherefore and whereby the defendants became liable and bound to plaintiff and promised plaintiff to pay him the sum of money in said note specified, together with all interest and attorney's fees due thereon, according to the tenor and effect thereof."

There is another allegation that said note was placed in the hands of attorneys for collection, and that thereby the stipulation as to attorney's fees became binding on defendants.

[2] It has been the uniform rule in this state that, to sustain a judgment by default, the petition must set forth a cause of action with substantial accuracy and with sufficient certainty to inform the court of the judgment to render without looking to proof not within the allegations. Hall v. Jackson, 3 Tex. 305; Kimmarle v. Ry. Co., 76 Tex. 686, 12 S. W. 698; Seastrunk et al. v. Pioneer Savings & Loan Co. (Tex. Civ. App.) 34 S. W. 466; Texas Auto & Supply Co. v. Magnolia Co. (Tex. Civ. App.) 191 S. W. 573; Head v. City of Gainesville (Tex. Civ. App.) 254 S. W. 323.

[3] The note is not set out in the petition, nor is a copy thereof attached as an exhibit. Under the allegations, the alleged transfer of the note could have been by mere delivery, or by an indorsement without recourse, or by an unqualified indorsement. Except as to the last-mentioned manner of making the transfer, no liability would have attached to appellant on the note. The effect of the allegation is to make appellant's liability on the note rest upon a mere surmise as to the manner in which the transfer was made. The only fact alleged is that appellant, the payee named in the note, had parted with title thereto, and that Smith, the plaintiff in the suit, had acquired such title. The statement in the petition that appellant thereby became liable is only a conclusion of the pleader, based upon the alleged transfer of title, and not on an allegation of the necessary fact that he transferred it in such manner as would make him liable as an indorser. Appellant, by his default, impliedly admitted all allegations of fact made in the petition attempting to fix liability on him. There being none that fixed such liability, there is no implied admission thereof on his part, and hence no basis for the default judgment. We therefore are of the opinion that the petition did not allege a cause of action against appellant that would support a judgment by default, and that the judgment in favor of Smith against appellant is void.

[4] Is the judgment in favor of Davis and Davidson, codefendants with appellant in said suit, void? Two facts are made plain by the allegations in this suit, first, the subject-matter of such action is in no way connected with the suit filed by Smith; second, the amount involved in this action is below the jurisdiction of the county court, the judgment awarded ($198.28) being the greatest amount that could have been awarded under the said plea. The subject-matter of the suit by Davis and Davidson against appellant being in no way dependent upon or connected with the subject-matter of Smith's suit and Smith being in no way concerned therewith, jurisdiction of the county court was not drawn to this action because of jurisdiction over the subject-matter of Smith's suit. It therefore follows that the court was without jurisdiction to entertain such action, and the judgment rendered thereon is void.

[5] Aside from this, the suit of Davis and Davidson was not on a liquidated demand as shown by the allegations setting same forth, hence could not form the basis for a judgment final by default, but would have to be aided by a writ of inquiry to assess the damages. No writ of inquiry was requested or allowed, but judgment final by default was taken. Such judgment is void on this ground.

It necessarily follows that the court erred in dissolving the injunction, and that such judgment should be reversed and judgment

here rendered reinstating the injunction until the cause for cancellation of the judgment and for permanent injunction is tried on its merits.

Reversed and the temporary writ of injunction reinstated.