## PERSON v. KATZ et al.

### No. 2644.

Court of Civil Appeals of Texas. El Paso.
March 10, 1932.

Rehearing Denied March 31, 1932.

Knollenberg & Cameron, of El Paso, for appellant.

Harold Potash, J. W. Morrow, and M. V. Ward, all of El Paso, for appellees.

HIGGINS, J.

William Katz and others, doing business as the Imperial Furniture Company, brought this suit against Wolf Levenson and Jacob Person to recover upon promissory notes executed in the name of Wolf Levenson, and to foreclose mortgages upon chattels executed in like manner. It was alleged the defendants were partners doing "business as Wolf Levenson" and that said partnership was operated "under the name of Wolf Levenson."

In the alternative second count it was alleged that Person, in later transactions with Levenson, assumed the obligations sued upon. Person denied the partnership by verified pleading. In a supplemental petition plaintiffs pleaded estoppel to deny the partnership. Levenson filed a cross-action against Person.

Findings were made that Levenson and Person were partners in the transactions involved; that Person was estopped to deny it; and "that the said partners and partnership did not have an assumed name and had not adopted one." Other findings not necessary to state were also made. Judgment in plaintiff's favor was rendered, from which Person appeals. Upon the cross-action of Levenson recovery was denied.

It is first insisted that under the Negotiable Instruments Law, Person is not liable on the notes because his signature does not appear thereon. Section 18 of article 5932, R. S. This section of the law is but a restatement of a settled principle of commercial law, but it has no application where a partnership conducts its business in the name of the partner whose name is signed to the instrument and it is done for the purposes of the firm and such is the understanding of the parties. Daniels on Neg. Insts. §§ 360–363; Bolan v. Wrather (Tex. Civ. App.) 239 S. W. 279; Nassos v. Duke (Tex. Civ. App.) 241 S. W. 547.

The plaintiff's cause of action against Person is predicated upon the theory that the partnership business was conducted under the name of Wolf Levenson and the notes were executed for the purposes of the firm and it was so understood by the parties. But the judgment cannot be sustained upon that theory because of the finding that the partners and partnership did not have an assumed name and had not adopted one. This error is apparent upon an inspection of the pleadings and findings, is fundamental, and necessitates reversal.

Appellee in this connection invokes the rule announced in the cases cited above as well as in Dockery v. Faulkner (Tex. Civ. App.) 101 S. W. 501, and Caraway v. Citizens' Nat. Bank (Tex. Civ. App.) 29 S. W. 506, that where no firm name has been adopted, a note in the name of one of the partners will bind the firm, where it is for a firm purpose and on the credit of the firm, and such is the understanding of the parties to the transaction. But that is not the case made by the plaintiff's pleadings and the judgment cannot be sustained upon such a theory. The findings are contrary thereto.

Our views upon other questions presented and which may recur on retrial will be briefly stated.

The question of partnership vel non was one of fact and the court properly submitted the issue for the jury's determination. The evidence upon the issue does not consist entirely of written documents as the appellant asserts.

The issue of estoppel to deny the partnership relation was also plainly raised by the evidence, was a material issue in the case, and was properly submitted.

Point 5 complains of the submission of an issue upon the ground that an undisputed issue of fact should not be submitted to the jury. The submission of the issue was requested by appellant, and he is therefore not in a position to complain of the court's action in complying with his request.

There is no occasion to consider the propositions relating to assumption of the debt by Person, for the judgment is not based upon any such theory. There are no findings which would so support it. The fourth finding is not of that nature.

The partnership was not a trading one, and it is asserted that in a partnership of that

nature one partner cannot bind his copartner on a note. Ordinarily a member of a nontrading firm has no authority to bind his copartners upon a note, but he may be expressly authorized so to do or such authority may be implied from the circumstances. 47 C. J. 866, § 340.

The question is one of authority, and the facts in the present case are sufficient to sustain the view that Levenson was authorized to act for and bind the partnership in the execution of the notes sued upon.

The propositions relating to conversion are immaterial and need not be considered, the judgment not being based upon any theory of conversion.

Other propositions submitted are regarded as without merit and calling for no discussion. Some of them relate to matters which are not likely to arise on retrial.

Reversed and remanded.