**RICE v. MERCANTILE BANK & TRUST CO. OF TEXAS et al.**

No. 11748.

Court of Civil Appeals of Texas. Dallas.

July 6, 1935.

Rehearing Denied Sept. 28, 1935.

White & Yarborough, of Dallas, for appellant.

Marion S. Church and W. F. Bane, both of Dallas, for appellees.

BOND, Justice.

In 1929 the appellant filed suit against Joe Stephenson and Irene Stephenson in a county court of Dallas county, Tex., on an alleged joint indebtedness: A promissory note, executed by Joe Stephenson and Irene Stephenson, in the principal sum of $250, with interest and attorney fees and an open account in the sum of $245. The petition alleged that "Joe Stephenson and Irene Stephenson are husband and wife," and that the indebtedness was due and owing by them " by reason of the leasing and renting of a house." There was no allegation in plaintiff's petition to show that the debt sued on was incurred in behalf of the wife's separate estate, nor was there any allegation of fact to show that she was personally liable for the debt other than that above recited.

Citation was issued and served on each of the defendants, and, the defendants failing to answer, judgment was rendered by default against Joe Stephenson for the principal of the note, interest, and attorney fees, and against "Joe Stephenson and Irene Stephenson, husband and wife, jointly and severally, for the sum of $245., with interest thereon at the rate of 6% per annum from the 1st day of December, 1928, until paid."

The judgment, on the failure to issue execution thereon, became dormant; so, in 1932, the plaintiff filed scire facias proceedings to revive the judgment, and caused citation thereon to be issued and served on each of the defendants. The defendants again failing to answer, the trial court entered an order reviving the dormant judgment.

In 1933 the plaintiff, based on the revived judgment, filed an application for writ of garnishment against the Mercantile Bank & Trust Company of Texas, garnishee. The garnishee answered the writ, claiming it held funds belonging to Mrs. Joe Stephenson in the sum of $293.52, impleaded Mrs. Joe Stephenson in the answer, and asked for an allowance of reasonable attorney fees.

Joe Stephenson and wife, Irene Stephenson (Irene and Mrs. Joe Stephenson being one and the same person), filed a joint answer in the garnishment proceeding, claimed the funds in the hands of the garnishee to be the separate property of the wife, and, for the first time, attacked the original judgment and the revival thereof as being void as to the wife, because of coverture, and the indebtedness declared on in plaintiff's petition was not for necessaries furnished the wife, or for the benefit of her separate estate, or for any reason for which a married woman would be liable.

On trial, the court heard testimony and found as a fact that Mrs. Irene Stephenson was at the time of the institution of the suit, and at the time of the entry of the judgment therein, a married woman, the wife of Joe Stephenson; that the money garnished in the bank, $293.52, was her separate property, and concluded, as a matter of law, that the original judgment and its scire facias revival were void as to the wife, and, being void, subject to collateral attack in the garnishment proceeding. Judgment was entered in favor of the appellee, the wife, and allowed the garnishee $10 as attorney fees for making answer to the writ of garnishment.

The only question here is whether the appellees may attack the original judgment and the scire facias revival collaterally, because the pleadings on which the original judgment was based do not show that the indebtedness was for necessaries of the wife and children, or incurred for the benefit of the wife's separate estate.

If this was an appeal direct from the original judgment, there would be no question, from the adjudicated cases of this state, that the judgment would not stand because of the petition not alleging some of the reasons as to make it binding on a married woman. Speer's Law of Marital Rights, § 457; Garitty v. Rainey, 112 Tex. 369, 374, 247 S. W. 825; Borchers v. Fly, 114 Tex. 79, 262 S. W. 733; Smith v. Pegram (Tex. Civ. App.) 80 S.W.(2d) 354. The decision of what is error on attack by separate suit and the decision of what is error on appeal are not equivalent. In the latter case, the petition may be subject to general demurrer and would be reversed upon appeal from an adverse ruling of the trial court, yet be sufficient to prevent a judgment by default from being void. If the petition had affirmatively shown that the indebtedness declared upon

was such that no cause of action could be based thereon against a married woman, such as the signing of a note or contract without the joinder of her husband or the signing of a replevy or appeal bond as surety, the judgment would be void and subject to a direct or collateral attack. Lane v. Moon, 46 Tex. Civ. App. 625, 103 S. W. 211; Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537. But, where the nature of the suit invokes the actual jurisdiction of the court rendering the judgment and the petition is merely lacking in allegations as to the fullness of facts, it presents a matter for determination by the trial judge, thus any error committed in rendering the judgment upon the insufficient facts alleged would not render the judgment void.

██ The judgment here was rendered against Irene Stephenson, a married woman, on an indebtedness alleged to be for the leasing and renting of a house. Whether or not such indebtedness was for "necessaries" for herself or children, or for the benefit, or incurred in the management, of her separate property, was for the determination of the trial judge entering the judgment. The petition was not as full as it should have been, but, in the absence of demurrer, it was sufficient to admit proof of facts as to support the judgment against the married woman. Just what is meant by the expression "necessaries" is not capable of exact definition. The term is used to designate such things as are suited to the wife's and children's condition and station in life, their needs and wants, in so far as the ability of the parties will permit. Where the husband has no separate estate and there is no community property, and the wife rents a house for the use of herself and family, such rents are a charge against the wife, if the same be reasonable in amount. Harris v. Williams, 44 Tex. 124. The judgment against Irene Stephenson was not necessarily void, and this, though she had been sued jointly with her husband and the full facts of her liability not disclosed in the petition. Her liability was subject to proof under the general allegations of the petition. The presumption must prevail that facts were in evidence before the trial court to authorize the judgment, not inconsistent with or contradicted by the record.

██ The judgment was rendered by a court of competent jurisdiction, and whether the defense in abatement or bar on the ground of coverture could have been successfully pleaded in that action is not for our determination here. The conclusive force of the judgment to which the wife was a party cannot be gainsaid; hence it is enforceable by ultimate process, or brought to bear on the wife's rights in any future action, as here.

In the case of Creosoted Wood Block Paving Co. v. McKay, 241 S. W. 549, 551, this court, speaking through Judge Vaughan, used this language:

"Appellees McKay and wife, for the first time, seek to question the validity of the personal judgment rendered against appellee Mrs. A. C. McKay. The judgment was not questioned in any respect in the trial court, to wit, her disabilities of coverture were not presented either by exception or plea, and the judgment rendered was not excepted to or cross-assignment presented as a basis of questioning the validity of same before this court.

"We know of no rule of law prescribing a different degree of diligence and procedure for a married woman than for any other class of litigants, but understand that the same rules of procedure and requirements as to diligence apply to all parties to suits alike. Cayce v. Powell, 20 Tex. [767] 768, 73 Am. Dec. 211; Baxter v. Dear, 24 Tex. 17, 76 Am. Dec. 89.

"Under the pleadings and evidence the court was authorized to render the judgment, and, as same does not carry within its terms invalidity, same is not void as that term is usually applied, however voidable by direct proceedings, to wit, through appeal or writ of error."

In the case at bar, we are of the opinion the trial court erred in its conclusion of law that the judgment was void as to the wife, thus subjecting it to collateral attack in the garnishment proceeding and rendering judgment against appellant. The judgment is conclusive, not only as to the subject-matter determined, but as to every other matter which the parties may have had determined, including the wife's liability on the debt declared upon.

The judgment of the lower court is reversed and here rendered in favor of the appellant against the garnishee, Mercantile Bank & Trust Company of Texas, and Mrs. Joe Stephenson for the $293.52, the amount of funds impounded due to the defendant Mrs. Joe Stephenson, less $10 allowed the garnishee for answering the garnishment writ, which amount shall be ap-

plied to the appellant's judgment against the appellees Mrs. Joe Stephenson and Irene Stephenson.

Reversed and rendered.

### On Motion for Rehearing.

 The right of a married woman to disavow a contract, not made for a purpose specifically authorized by statute, in defense of a suit to enforce it, may be exercised by her. She can waive the right for reasons deemed adequate by her. If she should elect not to urge a defense of coverture to the contract, and suffers a personal judgment to be rendered on it by a court having jurisdiction, she thereby waives the right, and the judgment is not void on account thereof and cannot be collaterally attacked in this proceeding.

In the original suit, the right to disavow the obligation sued on was given to the appellee Irene Stephenson, citation was issued and served on her, and she, at the time of trial having failed to avail herself of her legal defense, cannot now be heard to say that the judgment was founded on a cause of action for which she was not liable and to which she did not urge a defense. We are strengthened in our views as to the right of a married woman to disavow her contract made during coverture, and for purposes not authorized by statute, as expressed here and in our original opinion, by the holding of our Supreme Court in Leake v. Saunders et al., 84 S.W.(2d) 993, and the authorities therein cited.

Appellees' motion for rehearing is overruled.