### WOODWARD et al. v. ACME LUMBER CO.

#### No. 4697.

Court of Civil Appeals of Texas. Amarillo.

Jan. 25, 1937.

Willis, Studer & Studer, of Pampa, for plaintiffs in error.

B. L. Parker, of Pampa, for defendant in error.

MARTIN, Justice.

The parties to this appeal will be designated as in the trial court.

Plaintiff sued defendants, alleging, in part:

"Comes now the Acme Lumber Company, hereinafter styled plaintiff and complains of Robert Woodward and Cora I. Kolb, a feme sole, as the widow of C. E. Kolb, separately and individually, hereinafter styled defendants, and for cause of action would respectfully show unto the court: * * *

"That heretofore, to-wit, on the 28th day of December, 1932, the defendants, Robert Woodward and C. E. Kolb, deceased husband of the defendant Cora I. Kolb, executed and delivered to the plaintiff their promissory note thereby promising to pay to the said plaintiff the sum of $752.55, three months after date."

That portion of the judgment against defendants which is material here reads: "It is, therefore, adjudged and decreed by the Court that the plaintiff, Acme Lumber Company, be, and it is hereby given, a judgment against the defendants, and each of them, Robert Woodward and Cora I. Kolb, separately and individually, in the sum of $1172.96 and for all costs of this suit, for all of which let execution be issued against each of these defendants."

 The judgment as to Mrs. Cora I. Kolb is without sufficient pleadings to support it. It affirmatively appears therefrom that she did not sign the note sued on. She was not sued as a distributee, nor otherwise than appears above.

The entire record is silent as to an administration, or necessity for one, upon the estate of the deceased signer of the note. See Grupa v. Grupa (Tex.Civ.App.) 98 S.W.(2d) 217.

In short, the record presents the simple question of whether the above-quoted allegations show any liability against Mrs. Cora I. Kolb. That they do not is, we think, too plain for discussion.

The same fatal defect exists also as to an account, for which judgment was entered.

The evidence shows affirmatively that defendant Woodward was a nonresident, and never served with the citation required by article 2022, Revised Statutes. The nature of plaintiff's demand was not stated in the citation served upon him, nor did a certified copy of plaintiff's petition accompany same. This would not support a default judgment against him such as the above shows to be. Carlton v. Mayner, 47 Tex.Civ.App. 47, 103 S.W. 411, 412; Simms v. Miears (Tex.Civ.App.) 192 S.W. 623.

Judgment reversed, and cause remanded.