### WINSLOW et al. v. BOYD.
### No. 11785.

Court of Civil Appeals of Texas. Galveston.
June 13, 1946.

Rehearing Denied June 27, 1946.

Hollis Massey and John A. Hancher, both of Columbus, for appellants.

H. H. Cooper, of Amarillo, for appellee.

GRAVES, Justice.

Appellants (the widow and daughter of C. S. Winslow, deceased, the latter also being sole beneficiary under his will) sued appellee, B. I. Boyd, alleging, in substance, that Body and C. S. Winslow entered into an agreement about the year 1940, whereby they became partners or joint adventurers in buying land, oil leases, and royalties, in Colorado County, Texas; that C. S. Winslow executed a deed to Boyd on November 15, 1944, conveying his partnership interest to Boyd, and they sought to cancel the deed on two grounds: (a) That Boyd failed at the time to inform C. S. Winslow that he had a purchaser for part of the partnership property, and (b) that Winslow was so drunk at the time of the execution of the deed "that he did not understand the nature of such transaction." They undertook to recover a one-half interest in the properties for the joint benefit of themselves, the daughter being alleged to be the sole beneficiary under the last will of C. S. Winslow.

For alternative relief, they declared that Boyd gave Winslow a check for $400, as consideration for the deed of November 15, 1944, upon which payment was stopped, and an implied or equitable lien was claimed to be established, and foreclosure thereof prayed for, to secure such sum of $400.

In other words, the two appellants specifically so sought, in controlling part at least, to recover two tracts of land out of the Southern Harvey Morey Survey, containing 20 acres, and also two lots in the town of Sheridan, as well as 1/2 the royalties on oil, gas, and other minerals, under a large number of tracts of land, fully described in their petition.

They so pled—to the ultimate purport indicated—in a greatly detailed but briefly thus summarized amended pleading, the objective of their whole cause of action and the specific relief they asked of the court being set out, in material substance, in the following prayer: "Plaintiffs pray that on final hearing they have judgment cancelling and annulling the deed or instrument executed by the said C. S. Winslow to defendant on· November 15, 1944, and that they recover of the defendant, for the benefit of themselves together, an undivided one-half interest in and to all of the above described properties, for costs, and general relief. In the alternative, if such relief be denied, then plaintiffs pray that they recover of the defendant, for the like benefit of themselves, a judgment for $400.00, the amount agreed to be paid for said deed, plus interest at the legal rate from November 15, 1944; that an implied or equitable lien on said properties be established to secure same, for foreclosure and order of sale, and for costs, and general relief."

Appellee urged a number of exceptions to appellants' pleadings, among others were the following: (a) That appellants were seeking to recover compensation for services of C. S. Winslow in connection with the sale of securities, as defined under the Securities Act, of Texas, without alleging any authority of Winslow to deal in such securities, and (b) that appellants were undertaking to recover, by.their alternative pleading, the sum of $400, which was not within the jurisdiction of the trial court.

The trial court on a hearing before it upon the special exceptions so interposed by the appellee, sustained all of the exceptions, and dismissed their cause, upon the declination of the appellants to amend.

This appeal challenges the correctness of the dismissal.

It is the opinion of this court that such order of the court below was error, in that it proceeded from an overall misconstruction of the cause of action so declared upon by the appellants; that is, presumably from its action, that court's view was, (1) that the allegations in the trial petition as to the claimed partnership ·in operation between Winslow and Boyd amounted at most to mere conclusions of law on the part of the pleaders, rather than to material allegations of such facts as would have constituted a partnership; and (2) to quote the language of appellee's brief here upon the point, "that the whole petition shows that it is based upon a claim for compensation for the service of C. S. Winslow, in connection with the sale of securities, as defined under the Security Act of

the State of Texas, Title 19A, Article 600a, Vernon's Civil Statutes of Texas, and said petition does not contain any allegations of any authority for the said C. S. Winslow to deal in said securities."

■ It seems clear to this court that both the assumed conclusions were inept, and that, to the contrary, as indicated above, the appellants in the circumstances recited in both claims of prayed for recoveries, merely sought to recover fee-simple interests in the indicated 20 acres of land, along with the two town lots, and 1/2 of the royalties of the landowners in the oil lands and leases described by them, which itself also amounted to a fee-simple interest in the land. See 31 Tex.Jur., pages 602 and 1000.

If the distinction herein made between the motif of the petition of appellants in suit and the trial court's view, in sustaining the exceptions thereto, is sound, as it is held to be, then the judgment must be reversed, and the cause remanded for another trial in accordance with the construction herein put upon it.

■ It is deemed unnecessary to at much more length set out the greatly extended averments made, but to the gist already given of them may be added this: Appellants alleged that Boyd and Winslow became partners in 1940, and that the partnership agreement was reduced to writing on May 12, 1944, that agreement being set out in full in their petition.

It is further alleged that all of the properties in dispute were bought as personal investments for the members of the firm.

The enumerated allegations of appellants' petition seem to plainly show the relationship between Winslow and Boyd to have been that of general partners, within the definition of that status, as thus declared in Myers v. Minnick, Tex.Civ.App., 187 S.W.2d 941, 944: "A partnership has been defined as a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions. Another generally accepted definition of a partnership is that it is an association of two or more persons to carry on as co-owners a business for profit."

■ Here there was alleged an agreement and contributions, and the writing between Boyd and Winslow provided they should share equally in the properties. There were no allegations as to how the losses were to be borne, but even if the parties had no agreement as to losses, if they were partners, the law would charge them jointly and severally with all debts of the firm.

■ The averments referred to, it is determined, constituted at least fair notice to the appellee of the specific grounds the appellants based their cause upon, and, that being true, under Rules 45, Sec. (b) and 47, Texas Rules of Civil Procedure, the appellee's objections that the allegations of partnership constituted conclusions only were not good.

■ The other exceptions, or at least the controlling ones of them as sustained by the court below, were to the effect that, as quoted from the appellee's brief, supra, since the suit rested in the main upon claims for compensation for C. S. Winslow's services in connection with the sale of securities—that is, the oil interests involved—a fatal hiatus in the claim was that they conflicted with the Securities Act of Texas, Article 600a, Vernon's Revised Civil Statutes of Texas.

A complete answer to that point of view seems to be that, since the appellants so in substance and effect alleged that Winslow and Boyd acquired the properties in dispute as partners in the ordinary course of their business and as bona fide personal investments, such acquisitions were expressly exempted from the provisions of the Securities Act in Secs. 3(c) and (k), and 33b.

As concerns the alternative relief appellants sought on the $400 check they declared upon, it may be that the appellee's exception to the jurisdiction of the district court to entertain that claim upon its merits was correct, because the amount was too small; but, in view of another trial, it is considered that the validity of the deed, at any rate, for which that check was alleged to have been given, would be a

material issue under the appellants' averments that it should have been canceled because obtained under circumstances which, if true, would have rendered it invalid.

These conclusions require, as applied to the cause as a whole, that the judgment be not permitted to stand; it will be so ordered.

Judgment reversed, and cause remanded.