### RAY GRISWOLD V. MAHALA CARLSON.

No. A-3439. Decided May 21, 1952.
(249 S. W. 2d Series, 58.)

*Mays & Mays, Clark & Craik* and *Chester Clark,* all of Fort Worth, for petitioner.

It was error for the Court of Civil Appeals to hold an affi-

davit to a sworn account under Rule 185 which failed to state that such cause of action was "within the knowledge of affiant" just and true and that "it is due" was sufficient to support a default judgment; and that defects in an affidavit on sworn account are waived when no objection is filed; and that the nature of the case may be changed by affidavit without filed and amended petition. Brin v. Wachusetts Shirt Co., 43 S.W. 295; Becker, Smith & Page v. Wm. Cameron & Co., 22 S.W. 2d 951, writ of error dismissed; Ramsey v. Dunlop, 205 S.W. 2d 979; Lee v. Hamilton, 12 Texas 413.

*Joe Spurlock and Denning Schattman,* both of Fort Worth, for respondent.

Petitioner has failed to show that he had a meritorious defense to plaintiff's cause of action. Petitioner's default was an admission that all facts plead were true and that Respondent's verification by affidavit did show that the account was within his knowledge and that it was due. Finlayson v. McDowell, 94 S.W. 2d 1234; Odom v. Pinkston, 193 S.W. 2d 888; Hood v. Robertson, 33 S.W. 2d 882.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was filed by respondent, a resident of Detroit, Michigan, against petitioner, a resident of Tarrant County, Texas, and is a suit in damages for the sum of $5000.00, alleged to have been stolen by the petitioner from respondent, by means of fraud, deceit, false representations, etc. pursuant to a swindling plan of the petitioner. The petition was not verified at the time it was filed. No answer having been filed by the petitioner, the attorney for respondent, as an affiant, added and appended to the original petition already filed new and additional allegations, and an affidavit seeking to change the nature and character of the suit from a suit in fraud to a suit on account, and took a judgment by default against the petitioner for the sum of $4417.64. Petitioner perfected his appeal by writ of error to the Court of Civil Appeals, which court affirmed the judgment of the trial court. 245 S. W. 2d 278.

As a basis for this suit respondent, who was the plaintiff in the original proceeding in the trial court, alleged that petitioner, who was the defendant in that proceeding, persuaded her that "by the temporary use of her name in a used-car transaction he could help her earn some money * * *; that defendant represented to her that he was in the used-car business in Fort

Worth, Texas, and was operating as Ray Griswold Motor Company; that he was experienced in the used-car business; and that if used cars were placed in her name, and she financed the cars, she would receive $25.00 per car and her money back."

It was further alleged that, "in pursuance of these false representations that if plaintiff would finance the cars they would put title to the automobile in her name, and would pay her $5000.00 back to her, together with the profits; that the defendant induced the plaintiff, who was not familiar with business transactions, to sign titles to three automobiles in blank, and that by such ruse, fraud, chicanery and theft by false representations, defendant induced plaintiff to part with her $5000.00, and defendant then departed with said sum of money belonging to plaintiff, and is now denying that he got said money or owes her anything in accordance with his original plan to swindle

* * *."

Respondent's prayer reads as follows:

"Wherefore, premises considered, plaintiff prays that defendant be cited to appear and answer herein, and upon final trial that she have judgment against defendant for said sum of $5000.00, together with interest thereon at the rate of 6 per cent per annum from and after December 15, 1949, until paid; for costs of court; and for such other and further relief to which she may be entitled, either at law or in equity."

On September 5, 1950, the petition was duly served upon petitioner, and he was duly cited to appear and answer. Petitioner never answered or otherwise entered an appearance in the cause. On October 16, 1950, the following affidavit (excluding formal parts) was filed in the cause:

"Comes now Joe Spurlock, attorney of record for plaintiff, and says that he is familiar with facts contained in the above and foregoing petition and said facts are true and correct, and that defendant is justly indebted to plaintiff in the sum of $4417.64, and all lawful and legal offsets and credits have been allowed and this is now a suit upon a sworn account for the amount stated in this affidavit."

On the same day, October 16, 1950, the cause was heard by the trial court, and before entering a default judgment in favor of respondent the attorney for respondent offered in evidence: the citation against petitioner; an ex parte statement by re-

spondent, purportedly acknowledged by her on September 29, 1950, but bearing a notarial acknowledgement by a Michigan court clerk as of October 24, 1950; and a letter of March 9, 1950, from an American Legion official in Michigan to respondent's attorney, which generally discusses the controversy.

The judgment entered by the trial court contains the familar default judgment recitations, and concludes with the following order: "It is, therefore, ordered, adjudged and decreed by the court that the plaintiff, Mahala Carlson, do have and recover of and from the defendant, Ray Griswold, the sum of $4417.64, with interest thereon at the rate of 6 per cent per annum from the 15th day of December, 1949, and her costs in this behalf expended; and that she have her execution."

On April 11, 1951, at a subsequent term of the district court, and after the time of filing a motion for new trial had passed, petitioner filed his petition for a writ of error from the judgment, and filed his writ of error bond. As stated above, the Court of Civil Appeals affirmed the judgment of the trial court.

1 The rules authorize the taking of a judgment by default. In order to support such a judgment, it is essential that the petition show a good cause of action upon which a default judgment can be entered, and the parties seeking such judgment must comply with the requirements of the rules regarding same. Under Rule 90, Texas Rules of Civil Procedure, now in force, it is provided that every defect, omission or fault in a pleading, either of form or of substance, is waived unless complained of in the lower court, and they shall not be grounds for reversal of a cause; but it is specifically provided in Rule 90 *"that this rule shall not apply as to any party against whom default judgment is rendered."* (Emphasis ours.)

2 The controlling question presented here involves the construction of the affidavit filed by the attorney for respondent in support of sustaining a judgment by default, and whether it complies with Rule 185 of the Texas Rules of Civil Procedure. The pertinent part of Rule 185 reads as follows:

"When any action or defense is founded upon an open account or other claim or claims for goods, wares and merchandise, including claims or suits for liquidated money demands based upon written contracts or based on business dealings between the parties, or for personal service rendered, on which a systematic record of said account has been kept, supported by the affidavit

of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect *that such cause of action is, within the knowledge of affiant, just and true, that it is due,* and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that such account is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust; * * *." (Emphasis ours.)

Petitioner attacks the affidavit upon which the default judgment was entered as being fatally defective, because it fails to state that "within the knowledge of affiant" the cause of action is "just and true" and that the account "is due," as required by Rule 185. The procedure regarding an affidavit to support a default judgment has always been most exacting, both under the statute which preceded Rule 185 and under Rule 185 itself, and the utmost care must be exercised to comply with the rule. Becker, Smith & Page, Inc., v. Wm. Cameron & Co., Inc., Tex. Civ. App., 22 S. W 2d 951; writ dismissed; Watson Co., Builders, v. Bleeker, Tex. Civ. App., 269 S. W. 147; Brin v. Wachusetts Shirt Co., Tex. Civ. App., 43 S. W. 295; Scudder et al v. Burrus Mill & Elevator Co., Tex. Civ. App., 285 S. W. 681. The reason for the foregoing rule is quite obvious, and if we assume, without deciding, that under the procedure adopted by respondent's attorney the allegations made would have been sufficient to support a judgment by default, if a proper affidavit had been attached thereto, we are compelled to admit the merit of the contention of petitioner that the affidavit made by respondent's attorney does not meet the requirements of Rule 185. We sustain this contention of petitioner.

The judgments of the trial court and the Court of Civil Appeals are reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Opinion delivered May 21, 1952.