EDWARDS FEED MILL, Inc., Appellant,

v.

William Warren JOHNSON, Appellee.

No. 13138.

Court of Civil Appeals of Texas.

San Antonio.

April 24, 1957.

Rehearing Denied May 22, 1957.

152

Wolff & Wolff, San Antonio, for appellant.

Stahl & Sohn, H. Kyle Seale, San Antonio, for appellee.

BARROW, Justice.

This is a suit filed by William Warren Johnson against Edwards Feed Mill, Inc., in the District Court of Bexar County, being Cause No. F–93,721, to set aside only those parts of a default judgment based upon a promissory note sued on in Cause No. F–54,353, said note having been signed not by plaintiff but by a third party, Woodson W. Johnson. The defendant, Edwards Feed Mill, Inc., answered said suit and thereafter plaintiff filed a motion for summary judgment, setting forth that as a matter of law he was entitled to judgment setting .

aside said former judgment in part, and, therefore, a summary judgment was proper in the case. The trial court granted plaintiff's motion and entered summary judgment cancelling and annulling the former judgment, insofar as Edwards Feed Mill, Inc., recovered upon the promissory note sued on. From the judgment in Cause No. F–93,721 this appeal is prosecuted.

On the 1st day of August, 1949, appellant, as plaintiff, instituted a suit against appellee, as defendant, and against appellee's son, Woodson W. Johnson, in Cause No. F–54,353, in the 45th District Court of Bexar County, Texas. In such petition the appellee herein (defendant therein) is called Warren W. Johnson. However, there is no dispute between the parties as to the fact that Warren W. Johnson and William Warren Johnson, appellee herein, are one and the same person. In that suit the appellant sued appellee and Woodson W. Johnson on a sworn account and on a promissory note, and Woodson filed an answer to such lawsuit through his attorney. After waiting two years, and appellee not answering, appellant took a default judgment against appellee on the 11th day of April, 1951, both upon the sworn account and the promissory note. Almost two years again elapsed, then appellant dismissed its cause of action against Woodson W. Johnson only. The order of dismissal was signed on February 5, 1953, and then the judgment against appellee was made final, both as to the sworn account and as to the promissory note, on the 27th day of February, 1953. On the 16th day of May, 1955, appellee filed the present suit, setting out the instruments above referred to, and admitting the validity of the judgment as to the sworn account, but contesting its validity as to him on the promissory note. Appellee contends that the record in Cause No. F–54,353, aforesaid, was void on its face, and therefore such judgment was void, insofar as it was against him on said note. Appellant answered such suit excepting to the pleadings, pleading a general denial, laches, limitations and

specially that the judgment in the prior suit was valid and still remained in full force and effect. The effect of the judgment rendered by the trial court in Cause No. F–93,721 was to leave the judgment in Cause No. F–54,353 in full force as to the sworn account, but voiding and annulling it as to appellee insofar as the judgment on the promissory note is concerned.

Appellant, Edwards Feed Mill, Inc., as plaintiff in Cause No. F–54,353, asserted, first, that the appellee, William Warren Johnson, and his son Woodson were on the dates of the transactions alleged, partners in the dairy business and were buying animal feed from the plaintiff. Then, in paragraph two of said petition, the plaintiff, appellant here, alleged as follows:

"On the 29th day of September, 1948, defendant, Woodson W. Johnson, executed and delivered to plaintiff his promissory note bearing date on such day and year and thereby promised plaintiff to pay it, or its order, thirty (30) days after date, the sum of Four Thousand Dollars ($4,000.00) with ten per cent (10%) per annum interest thereon from maturity until paid and ten per cent (10%) additional as attorney's fees upon principal and interest if placed in the hands of an attorney for collection or suit should be brought thereon after maturity, which note reads as follows:

" '$4,000.00 San Antonio, Texas
 "September 29th, 1949
 "Thirty days after date, I, we, or either of us, as principals, promise to pay to the order of Edwards Feed Mill, Inc., of San Antonio, at its office in San Antonio, Texas, Four Thousand and 00/100 Dollars in lawful money of the United States of America, for value received, with interest at ten per cent, per annum from maturity until paid, and ten per cent additional on amount of principal and interest unpaid, as attorney's fees, if placed in the hands of an attorney for collec-

tion, or in the event judicial proceedings are instituted to enforce the collection thereof. Each and every signer, endorser and/or surety hereon and guarantor hereof hereby expressly waives presentment for payment, notice of non-payment, protest, notice of protest, and diligence in the collection hereof and/or any security or collateral hereto, if any, and agree that this note may be continued, in whole or part, from time to time, without notice.

"(Signed) W. W. Johnson.'"

In paragraph three of said petition, appellant alleged payment of $500 on said note by the son, Woodson, leaving a balance of $3,500 plus interest, etc. The petition then alleged that said defendant Woodson W. Johnson promised that he would pay the balance of said note "within the next few days," and further alleged that appellant made many demands of the defendant and defendant refused to pay said note. Paragraph four alleged that repeated demands had been made by appellant upon defendants to pay such note, interest and attorney's fees, and defendants have failed and refused, and still fail and refuse, etc., which completes the entire allegation of said petition with reference to said note. Paragraph five begins the suit upon the sworn account and alleges that, at the special instance and request of both defendants, appellant sold and delivered to both defendants as buyers the merchandise claimed in said petition. The question for decision in this case is: Was the appellant's petition in Cause No. F–54,353, sufficient to invoke the jurisdiction of the court upon said note as against the appellee, or, on the other hand, was the petition merely lacking in allegations as to the facts to fully state the cause of action? It is contended by appellant that the petition was subject only to what was formerly known as a general demurrer, and the objection could only be raised by exception. This contention cannot be sustained. The peti-

tion showed affirmatively that the note was not the obligation of appellee.

A judgment must be supported by the pleadings. A court's power to give judgment is limited by the pleadings of the parties and, broadly speaking, it may not pass upon matters not submitted for determination. It follows that a judgment unsupported by any pleading is absolutely void and subject to collateral attack. The same result follows if the judgment goes so far beyond the issues made by the pleadings as to constitute a usurpation of power. McCamant v. McCamant, Tex.Civ.App., 187 S.W. 1096; Hart v. Hunter, 52 Tex.Civ. App. 75, 114 S.W. 882, 886; 25 Tex.Jur. 818, § 313.

In Hart v. Hunter, supra, the Court said:

"It would appear upon sound reason that a judgment rendered where no case has been stated, or attempted to be stated, is as much a judgment upon a matter coram non judice, whatever may be the jurisdiction of the court rendering it, as a judgment upon a case, however perfectly stated, before a court not authorized to hear and determine it. In such a case as where the record affirmatively shows a want of jurisdiction over the parties or subject-matter, the judgment ought, we think, to be treated as a nullity, both on direct and collateral attack."

The general rule is that a judgment passes beyond the control of the trial court at the expiration of the term when entered. 15 R.C.L. 690; Notes to 81 A.L.R. 300. In Texas, these methods of attacking judgments of the character found here are apparently recognized, viz.:

(1) By the statutory method of appeal or writ of error.

(2) By a proceeding in the nature of a bill of review.

(3) By a direct attack, having for its general object a finding that such

judgment was void when entered. Smith v. Pegram, Tex.Civ.App., 80 S. W.2d 354, writ refused.

It is not contended that this case comes within either of the first two classes, but appellee contends that it comes within the third class, in that it affirmatively appears from appellant's petition in Cause No. F–54,353, that it had no cause of action against appellee on the $4,000 note sued upon.

 It has been the consistent holding of the courts of this State that, even though the court may have jurisdiction over the class of case sought to be adjudicated as well as the parties, in order for the judgment to be valid the pleading upon which it is bottomed must state a cause of action upon the particular subject matter upon which it is based. Default judgments which are subject to be set aside for lack of pleading or on faulty pleading, fall into two classes, first, those which are merely lacking in allegations of fact sufficient to fully state a cause of action (known as the general demurrer class), and can only be attacked by direct appeal or writ of error, and, second, those which, from the facts alleged, affirmatively show that plaintiff has no cause of action upon the facts stated. In this latter case the judgment is void and can be attacked by subsequent suit. McCamant v. McCamant, Tex.Civ. App., 187 S.W. 1096; Sandoval v. Rosser, Tex.Civ.App., 26 S.W. 930; Morgan v. Davis, Tex.Civ.App., 292 S.W. 610; Ritch v. Jarvis, Tex.Civ.App., 64 S.W.2d 831; Smith v. Pegram, Tex.Civ.App., 80 S.W. 2d 354. Lapse of time or laches will not affect the right to vacate the default judgment. McCamant v. McCamant, supra; Ritch v. Jarvis, supra; Black on Judgments, § 184. Appellant contends that the case falls within the first class and the petition is only a badly stated cause of action, whereas appellee contends that from the facts alleged the petition shows on its face that appellant had no cause of action

against him upon the $4,000 note. We agree with appellee's contention.

The petition alleged two distinct causes of action. First, on the note as against Woodson W. Johnson alone and, second, on the sworn account against both defendants.

In Morgan v. Davis, supra, the Court said [292 S.W. 611]:

"Appellant, by his default, impliedly admitted all allegations of fact made in the petition attempting to fix liability on him. There being none that fixed such liability, there is no implied admission thereof on his part, and hence no basis for the default judgment."

In that case appellant was sued as an indorser of a promissory note, the petition alleging that appellant "sold, transferred and delivered note * * *," but did not allege that appellant made an unqualified indorsement of the note. The Court held that the allegation was not sufficient to support the default judgment. It was an independent suit brought by appellant to set aside and cancel the judgment on that ground.

City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221, 223, was an interpleader suit filed by a tenant of city lots to determine the ownership of rents, against the City of Fort Worth and Gause, both claiming to own the lots. Both answered, and the city specifically alleged ownership of the lots, praying that its title be quieted and that the claims of Gause be held for naught. The city, however, did not file a cross-action against Gause seeking to adjudicate the title to the property. The trial court, unaware that Gause had answered, rendered default judgment in favor of the city, both for the rentals and for title to the real estate. Gause timely moved for a new trial, which motion was overruled, apparently on the ground that Gause failed to allege and prove a meritorious defense. The Court of Civil Appeals reversed the trial court, holding that in his

answer Gause alleged that he owned the property, which plea, in effect, constituted a meritorious defense. The Commission of Appeals, in affirming the judgment of the Court of Civil Appeals, held that in this class of case the allegation of a meritorious defense is not necessary, and further held, while it was necessary to determine title to the lots as incidental to the ownership of the funds, yet the pleadings did not authorize judgment for the title to the real estate, in which holding the Court said:

"The general rule first stated herein, requiring one moving for a new trial after default judgment to allege and prove that he has a meritorious defense, applies to cases in which the judgment rendered is valid on the face of the record and has and should have no application when the judgment is on the face of the record void or fundamentally erroneous."

In that case the Court held that the judgment, insofar as it attempted to adjudicate title to real estate, was void for the reason that it was not based on pleadings.

This rule was followed by the El Paso Court of Civil Appeals in Atwood v. Humble Oil & Refining Co., 239 S.W.2d 412, 415, reversed on other grounds, 150 Tex. 617, 244 S.W.2d 637. In that case the Court said:

"It is said a Court may not go beyond the issues and pass upon matters which the parties neither submitted nor intended to submit for its determination. Sandoval v. Rosser, Tex.Civ. App., 26 S.W. 930, certified questions answered, Id., 86 Tex. 682, 26 S.W. 933. A judgment may be supported by pleadings and if not so supported it is fundamentally erroneous. City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W. 2d 221."

In Woodward v. Acme Lumber Co., Tex. Civ.App., 103 S.W.2d 1054, the Court held that in a suit on a note pleadings were insufficient to support judgment against a widow, where it affirmatively appeared that her husband and not she signed the note, and where she was not sued as distributee, but only as the widow of one of the makers.

In Williams v. Sinclair-Prairie Oil Co., Tex.Civ.App., 135 S.W.2d 211, writ dismissed, the Court, having before it a situation very similar to that here involved, held that a judgment based upon pleadings which do not invoke the jurisdiction of the court with respect to the particular subject matter determined by the judgment is fundamentally erroneous and void. Citing Sandoval v. Rosser, supra; Smith v. Pegram, supra; City of Fort Worth v. Gause, supra; also 25 Tex.Jur. 474, § 98; 15 R.C.L. 604, § 43; Freeman on Judgments, 5th Ed., §§ 338, 355.

■ Appellant argues in its brief, that at the time the default judgment was taken evidence might have been heard which showed either that the partnership was operating in the name of the individual partner who signed the note, or that he was acting for the partnership as an undisclosed principal, or that the partnership received the proceeds of the transaction. This argument is untenable as to all these propositions for several reasons, first, if the court had heard such evidence it would have been basing a default judgment upon evidence not supported by the pleadings but at variance with them. The petition alleged that Woodson W. Johnson executed *his* promissory note and thereby became bound to plaintiff, precluding the idea that he was executing the same as a partnership note, either in a supposed partnership name or for the partnership as an undisclosed principal. Moreover, the pleading, after alleging the personal obligation of Woodson W. Johnson, sets out in the sworn account that "plaintiff at the special instance and request of *both* defendants sold and delivered to *both* defendants, as buyers, in the regu-

lar course of business, the goods," etc., and alleges that *both* became liable therefore to plaintiff. (Emphasis added.) As for the third contention, even if it be conceded, which concession is not justified by the record, that the partnership received all the proceeds of the note transaction, this would not make the partnership or the non-signing partners liable. Our Supreme Court, in First State Bank of Riesel v. Dyer, 151 Tex. 650, 254 S.W.2d 92, 94, held that where one deals with an individual partner, and, knowing of the existence of the partnership, elects to extend credit upon the personal promissory note of such partner and does not require the signature of either the partnership or the non-signing partners, neither the partnership nor the non-signing partners are liable to the creditor, even though the proceeds of the transaction may have gone into the partnership. In this case, the Court quoted with approval, 68 C.J.S. on Partnership, as follows:

> " 'A partnership may be held responsible for obligations executed in the name of an individual partner where such name has been adopted as the firm name or where the partners have consented to use of his name in partnership matters; but use of an individual name raises a presumption that the transaction is an individual and not a firm matter.' 68 C.J.S. Partnership § 147b, p. 582. '* * * a partner, in order to bind the firm and other partners by his transactions or contracts on behalf of the firm, must act within the scope of his express or implied authority, *and must act in his character of agent for the firm, and not as principal.* If he acts as principal and not as agent, as a general rule he alone is liable for such acts or transactions * * *.' 68 C.J.S. Partnership § 137, p. 573. 'Where the partners are disclosed and known to a party contracting, and the contract is signed by only one

partner who contracts in his own behalf, the other partners are not bound thereby.' 68 C.J.S. Partnership § 146, p. 581. (Emphasis added.) See 40 Am.Jur., Sec. 160, p. 243."

We think this is bottomed upon the proposition that both the partnership and the non-signing partner were strangers to the transaction and their obligation would at most be to the partner who received the credit on his individual obligation and in turn advanced the proceeds to the partnership.

Although the judgment in the Riesel Bank case, supra, was attacked by direct appeal, we think it is authority which upholds the trial court's action in setting aside the judgment in this case, for the reason, in the Riesel case the plaintiff expressly alleged that the partnership received the benefit of the transaction, yet the court held that neither the partnership nor the non-signing partners were liable.

 This suit being a direct attack upon the default judgment in Cause No. F–54,353, we have examined the Texas Rules of Civil Procedure, particularly Rules 45 and 90, to see if they can be relied upon to offer any support for the judgment, and have concluded that they do not. Rule 45 has no application to the situation presented in this case. This rule, known as the "fair notice rule", was not designed to supply missing or absent allegations, but to cure allegations that were improperly or erroneously made. McDonald Texas Practice, § 6.11. Rule 90 does apply to a case where the defendant answered and the case was tried on its merits, because it provides that in such case missing allegations or the absence of allegations may be waived by the complaining party. The rule, however, expressly provides that it has no application to a default judgment. Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58, 60. Under this rule a default judgment must stand or fall upon the allegations which

are contained in the petition supporting it.

In the Griswold case, supra, the Court, having before it a situation similar to that here presented, said:

"The rules authorize the taking of a judgment by default. In order to support such a judgment, it is essential that the petition show a good cause of action upon which a default judgment can be entered, and the parties seeking such judgment must comply with the requirements of the rules regarding same. Under Rule 90, Texas Rules of Civil Procedure, now in force, it is provided that every defect, omission or fault in a pleading, either of form or of substance, is waived unless complained of in the lower court, and they shall not be grounds for reversal of a cause; but it is specifically provided in Rule 90 *'that this rule shall not apply as to any party against whom default judgment is rendered.'* (Emphasis ours.)"

■ The only other matters appearing in the petition which might tend to indicate that appellee had any connection with the note are, that the petition in Cause No. F–54,353 shows that the plaintiff demanded of both defendants therein payment of the note, and in the prayer asked for judgment on the note as against both said defendants, but these cannot aid the judgment. We are not required to speculate as to why the appellant demanded payment from William Warren Johnson of a note which the facts alleged affirmatively show he did not owe, nor can the prayer for relief be made to supply allegations necessary to show appellant entitled to that relief. 25 Tex.Jur. 466, § 46. Nor can we speculate upon whether or not the court might, at the time of rendering the default judgment, have heard evidence beyond the scope of the pleadings, because the judgment on its face shows that it is based upon liquidated demands proved by instruments in writing.

The petition also shows that at the time the note was executed the defendants in said cause had, as partners, dealt with appellant upon the alleged open account, and thereby it affirmatively showed that appellant knew of the existence of the partnership long prior to the making of the note.

We conclude that appellant's petition in Cause No. F–54,353, from the allegations therein contained, wholly negatived the existence of a cause of action against William Warren Johnson on said note.

The judgment is affirmed.

POPE, Justice (dissenting).

The trial court granted a summary judgment in favor of William Warren Johnson in a suit that he brought to set aside part of a default judgment which the court rendered against him two years earlier.

William Warren Johnson by his suit claimed that the petition in the original action on its face negatived the existence of the cause of action upon which the court granted the judgment against him. I do not agree. Edwards Feed Mill, Inc., during 1949, filed a suit against William Warren Johnson and also against his son, Woodson W. Johnson. The petition asserted a cause of action on a promissory note and also on a sworn account. Both defendants, in that former action, were served with citation. Woodson, the son, filed a general denial only, but William Warren Johnson, the father, made no answer of any kind. After waiting two years, Edwards Feed Mill, Inc., obtained an interlocutory default judgment against William Warren Johnson, both on the promissory note and the sworn account. Two years later a final default judgment was entered. William Warren Johnson in 1955 filed a suit for the purpose of setting aside the judgment against him on the promissory note only.

This is not a suit by way of an equitable bill of review, but one in which William Warren Johnson claims the judgment is void because the petition on its face negatived any cause of action against him on a promissory note. If he be right about that contention, the summary judgment was correct and should be affirmed. City of Fort Worth v. Gause, Tex.Com.App., 129 Tex. 25, 101 S.W.2d 221; Harrison v. Whiteley, Tex.Com.App., 6 S.W.2d 89; Ferguson v. Ferguson, Tex.Civ.App., 98 S.W.2d 847. In my opinion he is wrong.

Whether the petition negatives an action against William Warren Johnson presents a question of partnership law. The first paragraph of the petition in the original suit asserted that defendants, "Woodson W. Johnson and Warren W. Johnson, were * * * partners in the dairy business and were buying animal feed from plaintiffs." Both parties admit that "Warren W. Johnson" and "William Warren Johnson" are the same person for purposes of this suit. The petition then asserted that Woodson W. Johnson, the son, executed a promissory note in the amount of $4,000, payable to Edwards Feed Mill, Inc., and that it was signed "W. W. Johnson." The allegations show that the son, Woodson, actually signed the note. The petition then alleged that Woodson, the son, paid $500 on the note, and that demand was made upon "defendant." It further alleges, however, that "repeated demands have been made by plaintiff upon defendants to pay such note, interest and attorney's fees," and that "defendants have failed and refused, and still fail and refuse to pay the same." The prayer included these words: "Wherefore, plaintiff prays that defendants be cited to appear herein and that on final hearing plaintiff have judgment against defendants, Woodson W. Johnson and Warren W. Johnson, jointly and severally, in the amount of Thirty-five Hundred Dollars ($3500.00), together with ten per cent (10%) per annum interest thereon from

November 30, 1948, and together with ten per cent (10%) of said amount, together with interest due thereon as attorney's fees, * * *." The prayer then separately asked for recovery for the amount of the sworn account.

In my opinion, the original judgment is binding upon William Warren Johnson. In the first place, if we assume that the judge in entering the former judgment committed an error of partnership law, the judgment is still binding. In the second place, from the record of the former judgment, the judge did not commit error in entering judgment against William Warren Johnson, one of the partners. We shall examine the first assumption. William Warren Johnson made no sworn denial of partnership, filed no plea of non est factum, and did not deny under oath his liability in the capacity in which he was sued. Rule 93(f), 93(h), 93(c), Texas Rules of Civil Procedure. An erroneous judgment is not a void judgment. Appeal is the procedure by which errors are corrected. Error, though reversible, if unappealed, becomes embalmed in a binding judgment. Cases in which the aggrieved party appealed so the appellate court might correct errors are beside the issue in this case, because William Warren Johnson did not appeal. Errors are not corrected by direct suits, but by appeals. To brief a legal error present in the former trial avails William Warren Johnson nothing. It is for this reason that the cases relied upon by the majority to prove former error are not in point. Those are cases in which the aggrieved party preserved error and perfected an appeal. First State Bank of Reisel v. Dyer, 151 Tex. 650, 254 S.W.2d 92; Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58; Farrier v. Hopkins, Tex.Com.App., 131 Tex. 75, 112 S.W.2d 182; City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221; Atwood v. Humble Oil & Refining Co., Tex.Civ.App., 239 S.W.2d 412; Woodward v. Acme Lumber Co., Tex.Civ.App., 103 S.W.2d 1054, Williams v. Sinclair

Prairie Oil Co., Tex.Civ.App., 135 S.W.2d 211, held, and correctly so, that a district court had no jurisdiction to usurp the exclusive jurisdiction of a county court. Jurisdiction, not error, was the point in that case.

As stated in Rice v. Mercantile Bank & Trust Co. of Texas, Tex.Civ.App., 86 S.W. 2d 54, 55:

"The decision of what is error on attack by separate suit and the decision of what is error on appeal are not equivalent. In the latter case, the petition may be subject to general demurrer and would be reversed upon appeal from an adverse ruling of the trial court, yet be sufficient to prevent a judgment by default from being void. * * * But, where the nature of the suit invokes the actual jurisdiction of the court rendering the judgment and the petition is merely lacking in allegations as to the fullness of facts, it presents a matter for determination by the trial judge, thus any error committed in rendering the judgment upon the insufficient facts alleged would not render the judgment void.

"* * * The presumption must prevail that facts were in evidence before the trial court to authorize the judgment, not inconsistent with or contradicted by the record."

Similar holdings are, Kelley v. First National Bank of Ft. Worth, Tex.Civ.App., 270 S.W.2d 644; Odom v. Pinkston, Tex. Civ.App., 193 S.W.2d 888, 890; Ritch v. Jarvis, Tex.Civ.App., 64 S.W.2d 831. William Warren Johnson by the present action is under the onerous burden of proving that the face of the record affirmatively reveals that the former judgment is a void judgment. The petition was not so faulty that it conclusively negatived the existence of a cause of action. 49 C.J.S. Judgments § 40, p. 99, § 277, p. 498.

The petition in the original suit asserted a valid action against William Warren Johnson as a partner who was liable for the note signed by his partner. The fact that Article 5932, § 18, Vernon's Ann.Civ. St., provides that no person is liable on an instrument when his signature does not appear on it, does not defeat the action. The Supreme Court, with full recognition of that rule, states that there are several instances in which the non-signing partner may be liable upon a note signed by another partner. One instance exists when the name used to sign the obligation has been "adopted as the firm name." Another example exists when "the partners have consented to the use of his name in partnership matters." First State Bank of Riesel v. Dyer, 151 Tex. 650, 254 S.W.2d 92; Person v. Katz, Tex.Civ.App., 47 S.W.2d 657; Bolan v. Wrather, Tex.Civ.App., 239 S.W. 279; 68 C.J.S. Partnership § 147b. In 68 C.J.S. Partnership § 161c(4), it is stated: "It has been held that, where no firm name has been adopted, a note in the name of one of the partners will bind the firm, where it is for a firm purpose and on the credit of the firm, and such is the understanding of the parties to the transaction, although the firm received no benefit from the transaction." Accord, Dockery v. Faulkner, Tex.Civ.App., 101 S.W. 501; Caraway v. Citizens' Nat. Bank, Tex.Civ. App., 29 S.W. 506. It is also stated in 40 Am.Jur., Partnership, § 153: "The general rule appears to be that a promissory note made in the name of one partner, whose name is not that of the firm, is prima facie the individual obligation of such partner, and ordinarily is not binding upon the partnership. But a partnership may be made liable on a note executed in the name of a single partner where it is shown that the business of the partnership was carried on in the name of that partner, and that the signature of the note was intended as a partnership signature."

The petition in the former suit asserted that William Warren Johnson was a part-

ner and stated who his partner was, it asserted that they were in the dairy business together, that William Warren Johnson's partner signed a note by signing it "W. W. Johnson," that demand for payment of the balance due on that note was made upon William Warren Johnson, and that he refused to pay it, for which plaintiff prayed for damages upon the note against William Warren Johnson, the non-signing partner. These pleadings gave sufficient notice that it was a suit against the non-signing partner upon a note signed by the other partner. 2 McDonald, Texas Civil Practice, § 5.05, p. 484. See, Winslow v. Boyd, Tex.Civ. App., 195 S.W.2d 384.

The petition, therefore, asserted a valid action against William Warren Johnson, the non-signing partner. "All acts are presumed to have been rightly done until the contrary appears. This includes every judgment and order entered at any stage of the proceeding. Thus, it is said that every reasonable presumption will be indulged to sustain a judgment and nothing will be presumed against it. All prior requisites to the rendition of a judgment will be presumed to have been fulfilled and the recitals in a judgment or order will be presumed to state the truth." McCormick and Ray, Texas Law of Evidence, § 57. Smith v. Pegram, Tex.Civ.App., 80 S.W.2d 354, 357. To hold that the former default judgment is void is to ignore the presumption that the court acted properly, and the record does not affirmatively show the court acted beyond its potential and active jurisdiction. In 1949, an interlocutory judgment by default was taken against William Warren Johnson, and in 1951 the final judgment was taken. It would be presumed that on each of those hearings the trial court acted properly and satisfied itself about liability.

I, therefore, respectfully dissent. I would reverse the judgment of the trial court and render judgment that the former default judgment is valid and binding.